Konrad K. Gatien (Bar No. 221770)
E-Mail:  kgatien@stubbsalderton.com
Anthony M. Keats (Bar No. 123672)
E-Mail:  akeats@stubbsalderton.com
Joshua S. Stambaugh (Bar No. 233834)
E-Mail:jstambaugh@stubbsalderton.com
Barak J. Kamelgard (Bar No. 298822)
Email: bkamelgard@stubbsalderton.com
STUBBS ALDERTON & MARKILES LLP
1453 3rd Street Promenade, Suite 300
Santa Monica, CA 90401
Telephone:   (310) 746-9800
Facsimile:    (310) 746-9820

Attorneys for Plaintiff

Glen L. Nuttall
KLEIN, O'NEIL & SINGH, LLP
16755 Von Karman Avenue, Suite 275
Irvine, CA 92606
Telephone: (949) 955-1920
Facsimile: (949) 955-1921
E-Mail: gnuttall@koslaw.com

Jeffrey W. Shields
SHIELDS LAW OFFICES
1920 Main Street, Suite 1080
Irvine, CA 92614
Telephone: (949) 724-7900
Facsimile: (949) 724-7905
E-mail: jeff@shieldslawoffices.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| AOP VENTURES, INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>      v.<br><br>STEAM DISTRIBUTION, LLC, a California limited liability company; ONE HIT WONDER, INC., a California corporation; ANTHONY TELLEZ III, an individual; and DOES 1-10,<br><br>               Defendants. | CASE NO. 5:15-CV-01586 VAP (KKx)<br><br><u>DISCOVERY MATTER</u><br>Referred to Magistrate Judge Kenly Kiya Kato<br><br>**[~~PROPOSED~~]**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>*[Notice of Lodging filed concurrently herewith]* |
| ONE HIT WONDER, INC., a California corporation,<br><br>               Counterclaimant,<br><br>      v.<br><br>AOP VENTURES, INC., a Delaware corporation,<br><br>               Counterdefendant. | NOTE CHANGES MADE BY THE COURT |

1   Counsel for plaintiff, AOP Ventures, Inc. ("Plaintiff"), and defendants Steam
2   Distribution, LLC, One Hit Wonder, Inc., and Anthony Tellez III (collectively
3   "Defendants") [Plaintiff and Defendants are hereinafter collectively referred to as the
4   "Parties"] hereby submit this Stipulated Protective Order (the "Order") and request
5   entry of this Order under Rule 26 of the Federal Rules of Civil Procedure ("Federal
6   Rules") to protect confidential information during discovery and trial.

7   **GOOD CAUSE STATEMENT**

8   WHEREAS, the Parties each agree that discovery in this action may involve the
9   disclosure of certain confidential, trade secret, sensitive and/or proprietary business
10  information about the Parties, their respective customers and/or their respective
11  businesses; and

12  WHEREAS, the Parties are competitors with each other and do not wish to
13  disclose to each other and/or to each other's legal counsel such confidential, trade
14  secret, sensitive and/or proprietary business information without a protective order;
15  and

16  WHEREAS, the unprotected disclosure of such confidential, trade secret,
17  sensitive and/or proprietary business information could cause serious injury and
18  damages to the Parties;

19  NOW, THEREFORE, the Parties hereby stipulate through their respective
20  counsel of record as set forth below that the disclosure of confidential, trade secret,
21  sensitive and/or proprietary business information in this matter, including without
22  limitation, through discovery, shall be governed by the following Order:

23  \\\
24  \\\
25  \\\
26  \\\
27  \\\
28

-1-

**INTRODUCTION**

The Parties agree that they will discuss at the Meeting of Counsel Before Final Pretrial Conference pursuant to Local Rule 16-2 the issue of the use of documents at trial that have been designated as confidential information pursuant to this Order, and will also address this issue with this Court at the Final Pretrial Conference.

1.  *Applicability.*  The confidentiality provisions of this Order shall apply to all proceedings in this action, including, but not limited to, discovery, motions, trial, appeals, arbitrations, mediations, settlement proceedings, and proceedings upon remand, as well as to all documents and materials containing "Confidential" or "Confidential Attorneys' Eyes Only" information disclosed in this action that are designated by a Party or third party as such pursuant to this Order, including without limitation, to all deposition questioning and responses, written discovery and responses, productions of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules and responses thereto, and by way of any motion, pleading, brief, order of the Court, or subpoena, as well as to testimony adduced at trial, matters in evidence, and any other information that a disclosing party may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" in connection with this action.

2.  *Third parties.*  The terms "disclosing party" and "producing party" encompass not only the Parties to this action but also to third parties who may disclose or produce information, *e.g.,* in response to a subpoena.

3.  *Scope.*  The protections conferred by this Stipulation and Order cover not only Covered Material (as defined herein), but also (1) any information copied or extracted from Covered Information; (2) all copies, excerpts, summaries, or compilations of Covered Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Covered Material.  Any use

-2-

of Covered Information at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Covered Information at trial.

4.      *Duration*.  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## DEFINITIONS

5.      *Covered Information*. As used herein, the phrase "Covered Information" means and includes both "Confidential" and "Confidential – Attorneys' Eyes Only" designated information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, tangible material, information contained in a document, information revealed during a deposition, information revealed in a discovery response, or otherwise.

6.      *Confidential*.  As used herein, the designation "Confidential" means and applies to each of the following: (a) trade secrets, business plans, operations, original product research, technical or developmental information, know how or apparatus, product designs, drawings, specifications and schematics, product development, manufacturing, production, modification, transformation and assembly information, any customer lists or identifying information, vendor, customer and distributor lists and information, sales records, invoices and summaries, payment information, cost information, billing and credit card information, price lists or pricing information, customer preference information, customer histories, purchase orders, shipping records, checks and bank records, financial information, corporate minutes and

-3-

resolutions, and the like, which are not generally known and which the producing party has not made public; (b) any document, information or thing which contains trade secrets of the disclosing party or producing party, as set forth in California Civil Code section 3426.1, which is incorporated herein by this reference; (c) any data derived from such document, information or thing, including any summaries, compilations, quotes, or paraphrases thereof; and/or (d) any other sensitive commercial or personal information having a similar degree of confidentiality and value to the disclosing party and/or producing party comparable to that of the foregoing (excluding information covered by the attorney-client privilege or attorney work product doctrine).

7.      *Confidential – Attorneys' Eyes Only.*  Covered Information designated Confidential – Attorneys' Eyes Only is meant for Covered Information that is more sensitive than that designated *Confidential*.   The Confidential – Attorneys' Eyes Only designation shall generally mean and apply to the following without limitation, which shall be decided by the disclosing party: (a) Covered Information that includes trade secrets, business plans, product research and development, certain technical or developmental information, customer lists, and other non-public, extremely sensitive or proprietary or other highly confidential business, financial or strategic information that the disclosing party in good faith reasonably believes would create a substantial risk of competitive or business injury to the disclosing party if disclosed to a competitor or a person who the disclosing party reasonably believes to have interests that are aligned with a competitor (including employees of a competitor); and (b) any data derived from such Covered Information, including any summaries, compilations, quotes, or paraphrases thereof.

8.      *Exceptions to confidentiality status.*  Information will not be deemed Covered Information, and the Parties shall use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof:

-4-

(a)    is at the time of production or disclosure, or subsequently becomes -- through no wrongful act or failure to act on the part of the receiving party or any person or entity under its, his or her direction or control or with whom the receiving party is affiliated -- easily available to the public through publication or otherwise; or

(b)    is already, through no wrongful act or failure to act, in the possession of the receiving party at the time of production.

9.    *"Other Law Firm Attorneys"* means attorneys (*i.e.,* members in good standing of the bar of the highest court of any state or of any federal district court) who are members or employees of the law firms of the outside attorneys of record for any Party, but who are not themselves of record, and who have signed a document in substantially the form of **Exhibit A** attached hereto.

10.    *"Law Firm Personnel"* means (i) regular full- or part-time employees of the law firms of the outside attorneys of record for any Party; and (ii) non-employee clerical personnel engaged by such law firms on a contract basis (*e.g.,* data clerks) who have signed a document in substantially the form of **Exhibit A** attached hereto; to whom it is necessary that the confidential information in question be disclosed for purposes of any dispute between Parties to this lawsuit.

11.    *"Outside Consultants/Experts"* means persons who are not employed by the receiving party and who are retained by a Party or its attorneys of record in this litigation for the purpose of assisting in preparation of this litigation for trial, such as accountants, statisticians, economists, technical consultants or other technical experts, who have signed a document in substantially the form of **Exhibit A** attached hereto.

12.    "*Service Bureau*"  means a company that:

(a)    is independent of the Parties, but a company will not be deemed non-independent solely because it does business, regularly or sporadically, with a Party;

-5-

(b)    is engaged by counsel of record to perform clerical-type services in connection with this litigation, *e.g.,* photocopying, imaging, computer data entry, and the like, or jury consultation services; and

(c)    has executed an undertaking to be bound by the provisions of this Order in substantially the form of **Exhibit A** attached hereto, including the specific undertaking to have its employees who have access to Covered Information sign a document in substantially the form of **Exhibit A** attached hereto agreeing not to use or disclose such information.

13.    *"Other Qualified Person"* means any other person (a) who is so designated (i) by order of the court after notice and an opportunity to be heard to all affected Parties, or (ii) by agreement of the producing party, and (b) who has signed a document in substantially the form of **Exhibit A** attached hereto.

14.    *"Qualified Persons"* as to Covered Information designated *Confidential* means persons who have signed a document in substantially the form of **Exhibit A** attached hereto and includes the following persons identified in this paragraph (except that the Court, court personnel and counsel of record shall not be required to sign such document):

(a)    the Court and its officers, court reporters, and court personnel;

(b)    counsel of record for any Party, such as counsel for Plaintiff, being the law firm of Stubbs Alderton & Markiles, LLP, located at 1453 3rd Street Promenade, Suite 300, Santa Monica, CA 90401; and counsel for Defendants, being the law firms of Klein, O'Neil & Singh, LLP, located at16755 Von Karman Avenue, Suite 275, Irvine, CA 92606 and Shields Law Offices, located at 1920 Main Street, Suite 1080, Irvine, CA 92614;

(c)    Other Law Firm Attorneys and Law Firm Personnel;

(d)    In-house counsel;

(e)    Service Bureaus, subject to the provisions of paragraph 10;

-6-

(f)     The Parties to this action, and their officers, directors, agents and employees whom counsel of record believes in good faith have a need for access to such information for the preparation and trial of this action;

(g)     Outside Consultants/Experts for Plaintiff and Outside Consultants/Experts for each Defendant, with prior notice to each producing party as detailed in paragraph 22;

(h)     Other Qualified Persons, as to the information they are so designated qualified, pursuant to paragraph 11; and

(i)     any deponent as provided for in paragraphs 20(c) and (f) and 25 herein.

15.     *"Qualified Persons"* as to Covered Information designated *Confidential – Attorneys' Eyes Only* means persons who have signed a document in substantially the form of **Exhibit A** attached hereto and includes the following persons identified in this paragraph (except that the Court, court personnel and counsel of record shall not be required to sign such document):

(a)     the Court and its officers, court reporters, and court personnel;

(b)     counsel of record for any Party, such as counsel for Plaintiff, being the law firm of Stubbs Alderton & Markiles, LLP, located at 1453 3rd Street Promenade, Suite 300, Santa Monica, CA 90401; and counsel for Defendants, being the law firms of Klein, O'Neil & Singh, LLP, located at 16755 Von Karman Avenue, Suite 275, Irvine, CA 92606 and Shields Law Offices, located at 1920 Main Street, Suite 1080, Irvine, CA 92614;

(c)     Other Law Firm Attorneys and Law Firm Personnel;

(d)     Service Bureaus, subject to the provisions of paragraph 10;

(e)     Outside Consultants/Experts for Plaintiff and Outside Consultants/Experts for each Defendant, with prior notice to each producing party as detailed in paragraph 22; and

(f)     witnesses employed by the entity that produced such information.

-7-

**DESIGNATION AND IDENTIFICATION OF INFORMATION**

16.     *Labeling of documents.*  Information being designated as Covered Information that is in documentary or other tangible form shall be labeled by the producing party, prior to its production, to reflect its designation, by placing the appropriate designation on every page of each document so designated.

17.     *Designation of other disclosures.*  In the case of information disclosed in or by a non-paper medium (*e.g.*, videotape, audiotape, digital video disc, compact disc, USB flash drive, computer disk, external hard drive or other tangible thing), the appropriate designation shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation.  Information being designated as Covered Information that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the disclosing party in a writing provided to the receiving party at the time of production.  Such designations are deemed to apply both to the document or other material itself and to the Covered Information contained therein or thereon.

18.     *Preliminary designation of documents being inspected.*  If a producing party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection.  For purposes of the initial inspection, all documents within the produced files will be considered as having been marked "Confidential – Attorneys' Eyes Only."  Thereafter, on selection of specified documents for copying by the inspecting party, the producing party shall mark either the original documents or the copies of such documents as may contain Covered Information with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

19.     *Designation not determinative.*  Designation of documents or other specified information as Covered Information by counsel, or receipt of documents or information so designated, shall not be considered as determinative of whether the

-8-

contents of the documents or the information specified are entitled to be deemed as such.

20.    *Designation in Good Faith*.  The Parties and their attorneys shall use reasonable care and diligence to avoid designating any documents or materials as Confidential or Confidential Attorneys' Eyes Only that are not entitled to such designation.

21.    *Challenges to confidentiality designations.*  A Party shall not be obligated to challenge the propriety of a designation of information as Covered Information at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If any Party to the action disagrees at any stage of the proceedings with such a designation, that Party shall provide to the producing party written notice of its disagreement.  For all such disputes, if any, the Parties shall proceed pursuant to Local Rule 37.  The burden of proving that the information has been properly designated as Covered Information is on the Party making such designation.

22.    *Designation of deposition testimony.*  The following procedures shall be followed if Covered Information of a producing party is discussed or disclosed in a deposition:

(a)    The producing party shall have the right to exclude from attendance at the deposition, during such time as the Covered Information is to be discussed or disclosed, any person other than the deponent, the court reporter, and qualified persons.  For the avoidance of doubt, the deponent must be a qualified person who has signed a document in substantially the form of **Exhibit A** or **Exhibit B** attached hereto.

(b)    The Covered Information shall be designated as Confidential or Confidential – Attorneys' Eyes Only at the request of counsel for the producing party (or, if the producing party is not a party to the action and

is not represented at the deposition, at the request of counsel for the party disclosing the information or questioning the witness about it).

(c)   Each deponent or third party witness to whom any Party proposes to disclose Covered Information at a deposition proceeding shall first be given a copy of this Order and informed of its contents; shall agree to be bound by the obligations of confidentiality and nondisclosure as set forth in this Order; and shall either (a) execute a nondisclosure agreement in the form attached hereto as Attachment "A", or (b) orally agree, if such oral agreement is made on the record during a deposition, to be bound by its terms, which shall also be read into the record.

(d)   With respect to the examination of witnesses upon oral deposition, when Covered Information is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on Covered Information, the deposition reporter and/or video operator shall be informed of this Order by the Party or third party seeking to invoke its protection and provided a copy hereof, and will be required to agree to be bound by its terms.  If deposition testimony is designated as Confidential or Confidential—Attorneys' Eyes Only at a deposition, the portion of the testimony so designated shall be bound in a separate transcript and/or recorded on a separate video device such as videotape, digital video disc or similar recording device (collectively, "video"), if the deposition is video recorded.  The reporter and/or video operator shall then place on the cover of any such separate transcript or video the words "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS ATTORNEYS' EYES ONLY INFORMATION," as appropriate.  Counsel for the Parties shall then take appropriate steps to prevent such separate transcript or video so designated from being disclosed to any person, except as

-10-

1   provided and permitted in this Order.  The Party taking any deposition

2   shall be responsible for ensuring that the court reporter and/or video

3   operator are informed of this Order and have agreed to comply with and

4   be bound by its terms.

5   (e)   Alternatively to subparagraphs (c) and (d) above, a request under

6   subparagraph (b) may be made in writing within thirty (30) days after the

7   requesting counsel receives a copy of the transcript of the deposition.

8   During this 30-day period, all deposition transcripts and the information

9   contained therein shall be deemed Confidential – Attorneys' Eyes Only.

10   The request shall contain a list of the numbers of the pages and lines of

11   the transcript that are to be designated as containing Covered

12   Information, and specific designations for each item or group of items on

13   the list.  The list shall be set forth on one or more separate pieces of

14   paper, the first one of which shall bear the caption of the action and

15   identifying information about the deposition.  The requesting counsel

16   shall insert the list before the cover page of the transcript and shall mail,

17   email, or fax copies of the list to counsel for all Parties so that it may be

18   affixed to the face of the transcript and each copy thereof.

19   (f)   Nothing herein shall preclude a Party from showing any deponent in this

20   action documents or other materials designated as Confidential or

21   Confidential – Attorneys' Eyes Only if said deponent was the author,

22   sender, or a recipient of such documents or other materials or can

23   otherwise be demonstrated to have had prior access to or receipt of such

24   documents or materials or the information contained therein.  Regardless

25   of designation pursuant to this Order, if a document or testimony makes

26   reference to the actual or alleged conduct or statements of a person who

27   is a potential witness in this action, counsel may discuss such conduct or

28

-11-

1   statements with such witness without revealing any portion of the

2   document or testimony other than that which specifically refers to such

3   conduct or statement, and such discussion shall not constitute disclosure

4   within the terms of this Order.

5   ### ACCESS TO INFORMATION

6   23.   All Covered Information shall be maintained in confidence and shall not

7   be disclosed, directly or indirectly, to any person or entity except as provided in this

8   Order.  Access to Covered Information disclosed to a receiving party shall be limited

9   to qualified persons except with the prior written agreement of the producing party.

10   24.   The following procedure shall be followed for any disclosure of

11   information as to which prior notice to the producing party is required under

12   paragraphs 12(g) and 13(e):

13   (a)   By facsimile transmission with confirmation by overnight mail, counsel

14   for the receiving party shall (i) notify counsel to the producing party in

15   writing of its intention to make such disclosure ten (10) court days before

16   the intended disclosure; (ii) specify the identity and the current

17   employment of the individual(s) to whom the proposed disclosure will be

18   made, including a curriculum vitae of such person; (iii) identify the

19   particular information proposed to be disclosed; (iv) specify the reasons

20   why the proposed disclosure is believed to be necessary; (v) provide to

21   the producing party at the time of notice under this paragraph, a

22   document in substantially the form of **Exhibit A** or **Exhibit B** attached

23   hereto that has been signed by the party to whom disclosure shall be

24   made.

25   (b)   If the producing party makes a written objection setting forth in detail the

26   grounds for such objection within the 10-day period and the objection is

27   not resolved between counsel within five (5) court days thereafter, the

28

-12-

party seeking disclosure shall not disclose the information but shall have the right to bring the dispute before the court for its resolution.

(c)     If the dispute over the proposed disclosure is submitted to the Court by motion, the party objecting to disclosure of the information shall have the burden of persuasion.

25.     *Disclosure in certain circumstances.*  Nothing in this Order shall preclude any party to the lawsuit or their attorneys from disclosing or using by the disclosing party, in any manner or for any purpose, any information or documents from the disclosing party's own files that the party itself has designated as Covered Information.

26.     *Restrictions on use.*  Disclosure of information designated as Covered Information shall be solely for the purposes of resolving this lawsuit between the Parties; information so disclosed shall not be used for any other purpose.  The persons receiving the information in question are prohibited from disclosing it to any other person except in conformance with this Order.

27.     Each of the Parties to this Order expressly agrees and covenants that it will not disclose or cause the disclosure of any Covered Information in violation of this Order, and that it will take appropriate steps to secure and safeguard all Covered Information in its possession, along with any copies, summaries, excerpts, abstracts, or other information derived in whole or in part therefrom.

28.     *Third party witnesses bound by this Stipulated Protective Order.*  Each third party witness to whom any Party proposes to disclose Covered Information at trial or other proceeding shall first be given a copy of this Order and informed of its contents; shall agree to be bound by the obligations of confidentiality and nondisclosure as set forth in this Order; and shall either (a) execute a nondisclosure agreement in the form attached hereto as attachment "A", or (b) orally agree, if such

-13-

oral agreement is made on the record, to be bound by its terms, which shall also be read into the record.

29.    A designation of confidentiality pursuant to this Order shall be effective and shall be respected by the Parties and all persons in any way involved in these proceedings or to whose attention Covered Information shall come unless and until otherwise ordered by the Court or stipulated in writing or on the record by all Parties to this action.  These obligations of confidentiality and non-disclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until all Parties to this action stipulate that designated Covered Information can be disclosed.

## OTHER PROVISIONS

30.    *Documents subject to the attorney-client privilege or work product immunity.*  To facilitate discovery, the Parties may make documents available for inspection by counsel for the receiving party, and such documents may inadvertently include documents subject to the attorney-client privilege, work product immunity, or both.  Neither the production for inspection of documents and things by the producing party nor the inspection of such documents and things by the receiving party shall constitute a waiver of the attorney-client privilege or work product immunity.  After inspection, the producing party may withhold documents subject to the attorney-client privilege and work product immunity provided proper identification is made on the producing party's list of such documents, and the inspecting party shall not refer to or rely on the contents of such inspected but withheld documents for any purpose, subject to further order of the Court.

31.    *Inadvertent production or disclosure of documents subject to the attorney-client privilege and/or work product immunity.*  Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or both shall not constitute a waiver of, nor a prejudice to, any

claim that such documents or related material is privileged or protected by the work product immunity, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production.  Such inadvertently produced documents and all copies thereof shall promptly be returned to the producing party upon request.  No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who has not already been given access to them subsequent to the request to return them.  If the Parties are unable to reach agreement within ten (10) days of such notice, the producing party may seek relief from the Court pursuant to the requirements of Local Rule 37.  The receiving party shall not disclose a document for which a claim of privilege or immunity is made pursuant to this paragraph to any person, other than those persons who had it in their possession prior to receipt of the notice from the producing party, until the expiration of the 10-day period identified in this paragraph or, if application is made to the Court, until disposition of that application by the Court.

32.   *Filing under seal or In Camera - Procedures.*   The Parties shall follow the filing procedures set forth in Local Rule 79. and specifically L.R. 79-5.1, which provides:

> Except when authorized by statute or federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal or in camera without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal or in camera. The proposed order shall address the sealing of the application and order itself, if appropriate.  The original and judge's copy of the document shall be sealed in

-15-

1   ~~separate envelopes with a copy of the title page attached~~
2   ~~to the front of each envelope.  Conformed copies need~~
3   ~~not be placed in sealed envelopes. Where under-seal or~~
4   ~~in-camera filings are authorized by statute or rule, the~~
5   ~~authority therefor shall appear on the title page of the~~
6   ~~proposed filing.  Applications and proposed orders to seal~~
7   ~~or  file in camera, along with the material to be sealed or~~
8   ~~submitted in camera, shall not be electronically filed but~~
9   ~~shall be presented to the Clerk for filing in paper format,~~
10  ~~in the manner prescribed by Local Rule 79-5. Unless the~~
11  ~~filer is exempted from electronic filing pursuant to L.R.~~
12  ~~5-4.2(a), a Notice of Manual Filing shall first be~~
13  ~~electronically filed identifying the materials being~~
14  ~~manually filed. A copy of the Notice of Manual Filing,~~
15  ~~together with its NEF (see L.R. 5-3.3), shall be presented~~
16  ~~with the documents presented for filing.~~

In addition, Covered Information may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Covered Information at issue. If a Party's request to file Covered Information under seal is denied by the Court, then the receiving party may file the information in the public record unless otherwise instructed by the Court.

33.     *Use of information in court proceedings.*  Any receiving party that knows that it intends to present Covered Information of another party in oral form at trial, or during any pre- or post-trial hearing, shall first notify the Court and the producing party a reasonable amount of time in advance.  Because of the policy favoring public attendance at judicial proceedings, the Parties are strongly encouraged to agree on procedures that will minimize the presentation of Covered Information in open court.

-16-

1   In appropriate circumstances such procedures might include, *e.g.,* submission of

2   written testimony under seal, presentation of "declassified" summaries of confidential

3   information, and the like.  The Court does not here determine which if any such

4   procedures might be suitable in particular situations.  Absent a stipulation of all

5   Parties, the fact that information has been designated as Covered Information shall not

6   be admissible during the trial of this action, nor shall the jury be advised of such

7   designation.

8         34.   *Disposition of documents, etc., after final termination.*

9         (a)   Except as set forth below, within 60 days of final termination of this

10                action, the attorneys of record for each receiving party shall return to

11                each producing party or its attorneys of record, at the expense of the

12                producing party, all documents (and copies thereof) and all materials

13                (and any copies thereof) that have been furnished to it by the producing

14                party and that have been identified as Covered Information pursuant to

15                this Order.  At the option of the producing party, such documents

16                received by the receiving party may be destroyed in lieu of being

17                returned to the producing party.

18         (b)   Notwithstanding subparagraph (a), the attorneys of record for a party

19                may maintain a set of pleadings, briefs, and similar papers filed with the

20                Court, including all exhibits marked in discovery or at trial.  The above-

21                described pleadings, briefs and similar papers filed with the Court and

22                exhibits marked in discovery or at trial may be retained in confidence

23                under the terms of this Protective Order by the outside counsel for the

24                party.

25         35.   *No waiver of right or obligation to object to production.*  Nothing

26   contained in this Order shall be construed as a waiver by any party of its right to

27   object to the subject matter of any request for production of documents in this action,

28

-17-

nor as a waiver by any other party of the first party's obligation to make proper response to discovery requests.  The entry of this Order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

36.    *Third parties.*  In the event that a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Order either (a) in writing to all Parties to the action with respect to any Covered Information to be provided to the requesting party by the non-party by signing a document in substantially the form of **Exhibit B** attached hereto, and/or (b) by orally agreeing to be bound by the terms hereof if such oral agreement is made on the record during a deposition or hearing, which agreement shall also be read into the record of such deposition or hearing, and by thereafter producing documents and/or giving testimony in accordance with this Order.

37.    *Continuing jurisdiction.*  This Order shall survive the final conclusion of the action, and this Court retains jurisdiction of the Parties hereto, and of any person who executes a copy of **Exhibit A** or **Exhibit B**, indefinitely as to any dispute between any of them regarding improper use of information disclosed pursuant to this Order.

38.    *Requests for additional protection.*  This Order shall be without prejudice to the right of the Parties to request additional protection under Federal Rule 26(c), Fed. R. Civ. P. 26(c), for discovery requests made hereafter by any party.

///

///

///

///

-18-

1    39.    Nothing in this Protective Order shall be construed as authorizing a party

2 to disobey a lawful subpoena or court order issued in another action.

3

4 **IT IS SO ORDERED.**

5

6

7 DATED: __February 19__, 2016    _____

8                                 HON. KENLY KIYA KATO

9                                 U.S. MAGISTRATE JUDGE

10 **AGREED TO:**

11 Dated: February 3, 2016    By: /s/Konrad K. Gatien
                                  _____
12                                Konrad K. Gatien, Esq.
                                  Stubbs Alderton & Markiles
13                                Attorneys for Plaintiff
                                  AOP Ventures, Inc.

14

15 Dated: February 3, 2016    By: /s/Glen L. Nuttall
                                  _____
                                  Glen L. Nuttall
16                                Attorneys for Defendants
                                  Steam Distribution, LLC
17                                One Hit Wonder, Inc.
                                  Anthony Tellez III

18 Dated: February 3, 2016    By: /s/Jeffrey W. Shields
                                  _____
19                                Jeffrey W. Shields
                                  Attorneys for Defendants
20                                Steam Distribution, LLC
                                  One Hit Wonder, Inc.
21                                Anthony Tellez III

22 **SIGNATURE ATTESTATION:**  I hereby attest that I have authorization for any

23 signatures indicated by a conformed signature within this e-filed document, and that

24 all other signatories herein listed, and on whose behalf this filing is submitted, concur

25 in its content and have authorized the filing of same.

26                                /s/Konrad K. Gatien
                                  _____
27                                Konrad K. Gatien

28

-19-

**EXHIBIT A:**

**UNDERTAKING PURSUANT TO STIPULATED
PROTECTIVE ORDER**

1.      I, the person named below, declare that the following information is true:

     a.      Name:

     b.      Address:

     c.      Employer name and address:

     d.      Title:

     e.      Occupation/job description:

     f.      Other work, if any (*e.g.,* consulting):

     g.      Past or present relationship to plaintiff or defendant(s), if any:

     h.      I am executing this undertaking on behalf of (check all that are applicable): _____ myself _____ my employer

     i.      My employer __ is __ is not a Service Bureau (see paragraph 10 of the Stipulated Protective Order (the "Order") in this action.

2.      I have received a copy of the Order in this action.

3.      I have carefully read and understand the provisions of the Order.  I agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Covered Information received under the protection of the Order in violation thereof.

4.      I understand that I am to retain all copies of any of the materials that I receive that have been designated as Covered Information in a container, cabinet, drawer, room or other safe place in a matter consistent with the Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all confidential documents and things that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by

-20-

whom I am retained.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Order.

5.     If I am executing this undertaking on behalf of my employer as indicated above, I agree on its behalf that it too will be bound by the provisions of the Order and that it too will abide by the requirements set out in paragraphs 3 and 4 of this undertaking.

6.     If my employer is a Service Bureau as indicated above, I further agree on its behalf that it will instruct all its employees who have access to Covered Information under the Order about their duty to comply with the requirements set out in paragraphs 3 and 4 of this undertaking.

EXECUTED UNDER PENALTY OF PERJURY on _____, 20__, at _____ in the State of _____.


_____
(Signature)

# EXHIBIT B:

## __THIRD PARTY AGREEMENT TO STIPULATED PROTECTIVE ORDER__

_____, as a non-party to *AOP Ventures, Inc. v. Steam Distribution, LLC., et al., U.S.D.C., Central District of California Case No. 5:15-CV-01586 VAP (KKx)* (the "Civil Action"), has been asked to respond to discovery in that case pursuant to Federal Rules of Civil Procedure 26-37 and 45.

_____, considers certain information that is responsive to discovery to be confidential in nature and to fall under the description "Confidential" or "Confidential – Attorneys' Eyes Only" as defined in the Stipulated Protective Order (the "Order") entered in the Civil Action.

_____, therefore, agrees, to the terms and conditions of the Order entered in the Civil Action to appropriately protect this information from improper disclosure.

Date:_____     _____
                                         Individual/Company

                        By:  _____
                                         Signature

                        Its:  _____
                                         Title