# EXHIBIT 24

<u>AOP Ventures, Inc. v. Steam Distribution, LLC, et al.</u>
**U.S.D.C., Central District of California**

**EXHIBIT 2**

# THIRD AMENDED COMPLAINT

# EXHIBIT 2



EXHIBIT 2
PAGE 27



EXHIBIT 2
PAGE 28



EXHIBIT 2
PAGE 29

<u>AOP Ventures, Inc. v. Steam Distribution, LLC, et al.</u>
**U.S.D.C., Central District of California**

**EXHIBIT 3**

# THIRD AMENDED COMPLAINT

# EXHIBIT 3

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Aug 4 03:21:02 EDT 2015*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | | CURR LIST |
| PREV LIST | | | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:         OR  Jump  to record:         **Record 1 out of 13**

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# MILK MAN

| | |
|---|---|
| **Word Mark** | **MILK MAN** |
| **Goods and Services** | IC 034. US 002 008 009 017. G & S: Electronic cigarette liquid (e-liquid) comprised of propylene glycol; Electronic cigarette liquid (e-liquid) comprised of vegetable glycerin. FIRST USE: 20141101. FIRST USE IN COMMERCE: 20141101 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86553215 |
| **Filing Date** | March 4, 2015 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | July 28, 2015 |
| **Owner** | (APPLICANT) Tellez III, Anthony INDIVIDUAL UNITED STATES 3671 Walnut Ave. Chino CALIFORNIA 91710 |
| **Attorney of Record** | Matthew H. Swyers |

EXHIBIT 3
PAGE 30

| Type of Mark | TRADEMARK |
|---|---|
| Register | PRINCIPAL |
| Other Data | The name(s), portrait(s), and/or signature(s) shown in the mark does not identify a particular living individual. |
| Live/Dead Indicator | LIVE |

TESS HOME    NEW USER    STRUCTURED    FREE FORM    BROWSE DICT    SEARCH OG    TOP    HELP    PREV LIST    CURR LIST

PREV LIST    CURR LIST    PREV DOC    NEXT DOC    LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

EXHIBIT 3
PAGE 31



EXHIBIT 3
PAGE 32

AOP Ventures, Inc. v. Steam Distribution, LLC, et al.
U.S.D.C., Central District of California

EXHIBIT 4

# THIRD AMENDED COMPLAINT

# EXHIBIT 4

Case 1:19-cv-01553-VJK Document 55-1 Filed 08/09/02 Page 33 of 40 PageID #:2564    🛒 0

THE MUFFIN MAN (HTTP://ONEHITWONDERELIQUID.COM/THE-MUFFIN-MAN/)

THE MILK MAN (HTTP://ONEHITWONDERELIQUID.COM/SHOP/MILK-MAN/)     APPAREL ⌄

CONTACT US (HTTP://ONEHITWONDERELIQUID.COM/CONTACT-US/)

REVIEWS (HTTP://ONEHITWONDERELIQUID.COM/REVIEWS/)

FAQS (HTTP://ONEHITWONDERELIQUID.COM/FAQS/)



EXHIBIT 4
PAGE 33

# The Milk Man

## $59.99

**THE MILK MAN E LIQUID**

- 1 x 6 oz. (180mL) squeeze bottle Milk Man
- 2 x empty 15ml unicorn bottles
- 80/20 VG/PG Ratio
- 100% made in the USA

**NICOTINE**

Choose an option

**SHARE THIS PRODUCT**

**f** (//www.facebook.com/sharer.php?
u=http://onehitwondereliquid.com/shop/milk-man/)

**🐦** (//twitter.com/share?
url=http://onehitwondereliquid.com/shop/milk-man/)

**g+** (//plus.google.com/share?
url=http://onehitwondereliquid.com/shop/milk-man/)

EXHIBIT 4
PAGE 34

(wpinterest.com/pin/create/button/?
url=http://onehitwondereliquid.com/shop/milk-
man/&media=http://onehitwondereliquid.com/wp-
content/uploads/2015/05/800x800-milk-
man.jpg&description=The+Milk+Man)

**DESCRIPTION**

## MILK MAN E-LIQUID BY ONEHITWONDER

NEW! A delectable blend of strawberry fruit and cream. The Milk Man E-Liquid has notes of uniquely refreshing milk cream on the Inhale followed by subtly sweet undertones of fresh strawberries that builds over the course of each vape. 100% handcrafted in Los Angeles, California using 100% USA grown and extracted TruNic Liquid Nicotine. The Milk Man E-Liquid comes in one 6 oz. plastic squeeze bottle along with 2 empty 15ml plastic unicorn bottles with green caps.

NOW IN STOCK

**SKU:** The-Milk-Man   **CATEGORY:**

**TAGS:**

**RELATED PRODUCTS**

EXHIBIT 4
PAGE 35



EXHIBIT 4
PAGE 36



EXHIBIT 4
PAGE 37

Get the app    Log in

 onehitwondereliquid

FOLLOW



**457 likes**                                                                   3w

onehitwondereliquid from @jonthemonsterr . . .

EXHIBIT 4
PAGE 38

#jonthemonsterr #sonyprspktv #vape #vapelyfe #mirrorlessgang #vapeon #vapestagram #vapecommunity #cloudchasing #subohm #instavape #vapeporn #ecig #dripclub #subohmclub #vapestagram #instavape

**melanielynnrayvitiello** That looks good, where can I buy ?,

**onehitwondereliquid** @melanielynnrayvitiello you can purchase directly from our website. OneHitWonderEliquid.com

**melanielynnrayvitiello** Okay, awesome! I'm definitely going to try this. They both look good. And its a great deal too @onehitwondereliquid

**j0n731** @onehitwondereliquid are u planning to ever make a 12mg nic?

**vapepunk** @onehitwondereliquid hey why is some milkman clear and some Amber colored? I've been seeing pics of clear milkman?

**onehitwondereliquid** @vapepunk 0mg is almost clear, 3 and 6 are shades of pink

**onehitwondereliquid** @j0n731 most likely no. 90% of our sales are for 3mg

**onehitwondereliquid** @melanielynnrayvitiello we look forward to serving you!

**vapepunk** @onehitwondereliquid ok thanks 👍🏼[]

**adamputraraharja** @vonyliana maaaauu

**mmarano90** I just spilled 30ml of milkman. My heart sunk. Need more! Once I'm done with this tank I'll be withdrawing

**thevapingphotographer** Still doing the unicorn samples with the Tshirt purchases? I don't know which to commit to since I haven't tried either but I know I'm gonna pick one if not

**gee.vapes** @onehitwondereliquid when will sponsor packages be sent out

**dankpizza** I wish this was sold in my local vape shop so I could try it out before buying , my vape friends would loove if I had 360m of juice []🦄

**dankpizza** (both juices I mean [])

Log in to like or comment.

ABOUT US   SUPPORT   BLOG   PRESS   API   JOBS
PRIVACY   TERMS   LANGUAGE
© 2015 INSTAGRAM

EXHIBIT 4
PAGE 39

AOP Ventures, Inc. v. Steam Distribution, LLC, et al.
U.S.D.C., Central District of California

EXHIBIT 5

# THIRD AMENDED COMPLAINT

# EXHIBIT 5



**STUBBS
ALDERTON &
MARKILES, LLP**

June 24, 2015

**VIA OVERNIGHT MAIL**

Mr. Anthony Tellez III
3671 Walnut Ave.
Chino, California 91710

      **Re:**    **_Infringement of THE MILKMAN Trademark_**

Dear Mr. Tellez:

      We are litigation counsel to AOP Ventures, Inc. ("AOP Ventures"). As you are aware, AOP Ventures is the owner of all rights, title and interest in and to the trademark THE MILKMAN for use in connection with goods covering electronic cigarette liquid and apparel related thereto. Our client's rights derive from its use in commerce, which commenced at least as early as January 5, 2015, and from its federal trademark applications as set forth in **Exhibit 1** (hereinafter "THE MILKMAN Marks").

      Notwithstanding our client's rights, we have become aware of your pending trademark application for the mark MILK MAN (Ser. No. 86553215) for "_Electronic cigarette liquid (e-liquid) comprised of propylene glycol; Electronic cigarette liquid (e-liquid) comprised of vegetable glycerin,_" (the "MILK MAN Mark") which was filed with the United States Patent and Trademark Office on March 4, 2015, and of your Facebook site: https://www.facebook.com/OneHitWonderEliquid.

      In reviewing your trademark application and your business activities for your MILK MAN Mark, it is clear that the trademark application filed with the USPTO contains knowingly false statements, which subjects your trademark application to immediate cancellation based on fraud. Specifically, the roll of labels submitted with your trademark application is a false specimen of use, which does not show the mark used in connection with the sale of e-liquid. Moreover, we have independently verified that you did not sell any e-liquid under the mark as of your claimed date of first use of November 21, 2014, or, for that matter, prior to our client's date of first use of January 5, 2015. Given this, our client will easily be able to establish priority of rights with respect to its THE MILKMAN Marks.

EXHIBIT 5
PAGE 40

AOP Ventures is concerned that you and your company One Hit Wonder E-liquid (collectively "One Hit Wonder" or "You") have commenced producing a "Milk Man" branded product that is in direct competition with, and identical to, the goods covered by AOP Ventures' THE MILKMAN Marks. In sum, both companies offer e-liquid, which will be offered to the same customers in the same channels of trade, and both companies will use the same advertising and relevant media to market and promote their goods and services to consumers.

This similar use by One Hit Wonder will inevitably lead to confusion among distributors and customers alike, which will cause irreparable harm to AOP Ventures and its business and trademarks (as well as damage to any brand identification desired by One Hit Wonder). *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979); *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984) (in determining a likelihood of confusion, the marks need only be related in some manner, or the conditions surrounding their marketing be such, that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods or services come from a common source).

In fact, instances of actual confusion have already occurred. *See* **Exhibit 2**.

We trust you are well aware of the importance of intellectual property rights and the need of intellectual property owners to preserve and protect the goodwill of their trademarks. Accordingly, for the reasons set forth below, One Hit Wonder's use of the MILK MAN mark must cease immediately.

Here, the mark you have chosen for your e-liquid is identical to our client's mark. Where marks are identical, the relationship between the goods need not be as close to support a finding of likelihood of confusion. *See In re Iolo Technologies, LLC*, 95 U.S.P.Q.2d 1498 (TTAB 2010); *In re Concordia International Forwarding Corp.*, 222 USPQ 355 (TTAB 1983) (where marks are identical, it is only necessary that there be a viable relationship between the goods in order to support a finding of likelihood of confusion); *Amcor, Inc. v. Amcor Industries, Inc.*, 210 USPQ 70, 78 (TTAB 1981).

Similarly, the goods offered under your mark are identical to the goods covered by AOP Ventures' THE MILKMAN Marks. Where goods are highly related, or in this case identical, to those of a trademark owner, the degree of similarity of the marks necessary to support a finding of likelihood of confusion decreases. *See Century 21 Real Estate Corp. v. Century Life of America*, 970 F.2d 874, 23 U.S.P.Q.2d 1698, 1700 (Fed. Cir. 1992) ("[w]hen marks would appear on virtually identical goods or services, the degree of similarity necessary to support a conclusion of likely confusion declines.").

EXHIBIT 5
PAGE 41

Given that the marks are identical and the goods are identical, confusion is not only likely, it is inevitable. *See Brookfield Comm., Inc. v. West Coast Entmt. Corp.*, 174 F.3d 1036, 1056 (9th Cir. 1999) ("In light of the virtual identity of marks, if they were used with identical products or services likelihood of confusion would follow as a matter of course."); *Lindy Pen Co. v. Bic Pen Corp.*, 796 F.2d 254, 256–57 (9th Cir. 1986); *Pappan Enter. Inc. v. Hardee's Food Sys., Inc.*, 143 F.3d 800, 804 (3d Cir.1998) ("where the identical mark is used concurrently by unrelated entities, the likelihood of confusion is inevitable"); *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F.Supp.2d 247, 274 (S.D.N.Y. 2002) (where two marks are identical and used for the same product, consumer confusion is "inevitable"); *Reflange Inc. v. R-Con International*, 17 USPQ2d 1125, 1131 (TTAB 1990).

Under such circumstances, there is no doubt that the use of our client's THE MILKMAN Marks in connection with your MILK MAN e-liquid will result in consumer confusion, mistake or deception as to the source of origin of your products in violation of the Lanham Act entitling our client to injunctive relief, compensatory and punitive damages, and attorneys' fees. 15 U.S.C. §1117.

Accordingly, on behalf of AOP Ventures, we demand that One Hit Wonder confirm its agreement to **immediately change the name** of its MILK MAN e-liquid to another brand name that does not use or incorporate our client's THE MILKMAN Marks, and agree to discontinue all use of the MILK MAN mark **not later than Friday, July 3, 2015**.

Should we not receive your unequivocal confirmation by that date, we will recommend that our client promptly initiate litigation to enjoin your continued infringement of our client's mark, and to hold each of you, your company, and any and all responsible agents and/or investors liable for the harm suffered by our client. Any such delay will support a finding of willful infringement by One Hit Wonder, which will enable our client to recover enhanced remedies. *See Monster Cable Products, Inc. v. Discovery*, 2004 WL 2445348 (N.D. Cal.) (willfulness established based upon defendant's receipt of cease and desist letters); *Discovery Comm., Inc. v. Animal Planet, Inc.*, 172 F.Supp.2d 1282, 1292 (C.D. Cal. 2001) (same).

So that there can be no mistake, this letter is being sent in anticipation of imminent litigation. Thus, you, One Hit Wonder, and all persons or entities associated with One Hit Wonder including, but not limited to, each of its employees, agents, investors and affiliates, are hereby instructed to preserve any and all information that is potentially relevant to the impending litigation, including without limitation the following topics:

- AOP Ventures' THE MILKMAN Marks;
- Customer confusion regarding One Hit Wonder's use of the MILK MAN Mark;
- One Hit Wonder's decision to create, design, and use the MILK MAN Mark including any trademark searches, investigations, or communications with designers and agents regarding these subjects;

EXHIBIT 5
PAGE 42

- One Hit Wonder's advertisement, distribution, and sale of e-liquid under the MILK MAN Mark, including any communications with manufacturers and/or distributors (domestic or international) and investors regarding these subjects;
- The products offered or sold by One Hit Wonder or any affiliate under the MILK MAN Mark;
- Attempts or efforts, whether actual or contemplated, by One Hit Wonder to obtain registrations before the United States Patent and Trademark Office or any foreign trademark office for marks that use or include the term "Milk Man;"
- All documents evidencing and relating to One Hit Wonder's profits with respect to its sale of e-liquid under the MILK MAN Mark and financial information relating not only to the MILK MAN e-liquid, but also to One Hit Wonder's sales of comparably priced e-liquid, all e-liquid, and overall sales figures for the past five (5) years;
- An accounting of all sales of e-liquid under the MILK MAN Mark, including the number of units sold, the gross revenues received at source from such sales, any deductions and/or costs One Hit Wonder claims are attributable to such sales, and the number of units remaining in inventory as of the date of your receipt of this letter;
- A list of all customers (whether persons or business entities of any type) to whom you have sold e-liquid under the MILK MAN Mark; and
- Your written confirmation that One Hit Wonder has ceased, and will permanently cease, all use of the MILK MAN Mark, and all sales of e-liquid under the MILK MAN Mark.

By this letter we are instructing you to take all appropriate steps to ensure retention of all documents and other materials in your or One Hit Wonder's possession, custody, or control (or in the possession, custody, or control of any persons or entities associated with One Hit Wonder, including but not limited to each of its employees, agents, investors and affiliates (hereinafter, with you and One Hit Wonder, "YOU") that in any way relate to the topics enumerated above. In particular, YOU are instructed not to destroy, conceal, or alter any potentially relevant paper records, electronic files, voicemails, or other data generated by and/or stored in any files, on any computer system, home computer, personal computer, or storage media such as hard drives or discs, notes, e-mail and other electronic communications, word processing documents, spreadsheets, databases, calendars, telephone logs, internet usage files, computer registries, drafts, computer records and programs, network access information, IP Address information, off-line storage or information stored on removable media, and information contained on laptops or other portable devices such as BlackBerrys, iPhones, iPads, including any BBMs, Instant Messages, Texts, SMSs, Skype chats or other communication methodologies, regardless of where such documents or information may reside.

EXHIBIT 5
PAGE 43

Electronic documents (and the storage media on which they reside) contain relevant, discoverable information beyond what may be found in printed documents, commonly referred to as metadata. Therefore, even where a paper copy exists, we are interested in documents in their electronic form along with metadata or information about these documents contained in the media. The laws and rules prohibiting the destruction of evidence apply to electronically-stored information in the same manner that they apply to other evidence. Due to its format, electronic information is easily deleted, modified or corrupted. Accordingly, YOU must take every reasonable step to preserve this information until the final resolution of any litigation that may ensue. This includes, but is not limited to, the suspension of all data destruction including any backup systems, storage systems and recycling/destruction procedures.

These same obligations apply to electronic or hardcopy data created subsequent to the date of this letter. Such data must be preserved and not destroyed, and YOU are instructed to take appropriate steps to avoid the destruction or corruption of such information. This may cover any and all information, whether YOU deem it to be personal, privileged, or confidential, until such determination can be made by a court of competent jurisdiction.

This letter should be distributed to any and all of your or One Hit Wonder's agents, employees, contractors, affiliates, attorneys, investors or family members who may be in possession of potentially relevant information concerning the above-referenced topics so that they are aware of their preservation obligations under the law.

We look forward to receiving confirmation of your agreement to immediately change the name of your MILK MAN e-liquid and to withdraw your pending trademark application for the MILK MAN Mark **not later than Friday, July 3, 2015**.

This letter is not intended to be an exhaustive statement of all facts or background with respect to this matter. Nothing in this letter shall be construed as a waiver or relinquishment of any right, remedy, or defense possessed by AOP Ventures, or any other affected party, all of which are expressly reserved.

Sincerely,

Konrad Gatien, of
Stubbs Alderton & Markiles, LLP

KKG:dvom

EXHIBIT 5
PAGE 44

**EXHIBIT 1**

| Mark | Ser. No. | Class | Filing Date | First Use Date | Goods/Services |
|------|----------|-------|-------------|----------------|----------------|
| THE MILKMAN | 86618725 | 025 | 5/4/15 | 1/5/15 | Apparel, namely, shirts, hats |
| THE MILKMAN | 86618735 | 034 | 5/4/15 | 1/5/15 | Chemical flavorings in liquid form used to refill electronic cigarette cartridges. |
| *The Milkman* (milk carton logo) | 86618754 | 025 | 5/4/15 | 1/5/15 | Apparel, namely, shirts, hats |
| *The Milkman* (milk carton logo) | 86618769 | 034 | 5/4/15 | 1/5/15 | Chemical flavorings in liquid form used to refill electronic cigarette cartridges. |

EXHIBIT 5
PAGE 45

**EXHIBIT 2**

EXHIBIT 5
PAGE 46

Case 1:15-cv-01858-AWK-KDorCumente56 57-2ied PAeile0962PageP5agef267 ofP4gePDgte#2171
#:2579

Twelve Vapor - Leo

hurricanegirl100, May 12, 2015                                                    ✔f8· #12

Joined:     Jan 29, 2012
Location:   NE Ohio, U.S.



**Shel**
Ultra Member
Verified Member
ECF Veteran

Joined:     Dec 23, 2009
Location:   Los Angeles

> tmel said: ⸩
>
> *I've only tried the Muffin Man, apple/cinnamon and it's wonderful.*
>
> *I'd get the Milk Man if I didn't already have so much liquid...Barely halfway through the 180ML bottle of Muffin Man..*

tmel

I'm somewhat concerned about the fact that Muffin Man can only be purchased in 0, 3 or 6mg of nic. I vape 12mg... will the nic satisfy my cravings?

It's a LOT of juice to be stuck with, if it doesn't take care of my nic habit!

Thanks

Shel, May 12, 2015                                                               ✔f8· #13

The Milkman tastes exactly like Unicorn's Milk to me. On the downside, I got vaper's tongue practically 5 minutes of vaping it.

**inclination**
Full Member

Joined:     Aug 6, 2013
Location:   United States

inclination, May 13, 2015                                                        ✔f8· #14



Is this Milk Man juice everyone's talking about from One Hit Wonder the same Milkman I was seeing in B&M shops a month ago or so.... the one that came in the milk carton?

EXHIBIT 5
PAGE 47

Gummy Bare
Ultra Member
Verified Member
ECF Veteran

Joined: Nov 2, 2012
Location:
San Diego, California



Gummy Bare. May 13, 2015                                        �__f 8+ #15



Gummy Bare no that is from someone else. This one will look like this and only in 180 ml bottles like Muffin Man.

SlaughterhouseV
Super Member
Verified Member
ECF Veteran

Joined: Jul 8, 2012
Location: TN

EXHIBIT 5
PAGE 48



SlaughterhouseV, May 14, 2015 ▼f8⁺ #16



Nice. I might order some one of these days. I need to find a buddy to split and order of muffin man and milk man.

**Gummy Bare**
Ultra Member

| Verified Member |
|---|

| ECF Veteran |
|---|

Joined:      **Nov 2, 2012**
Location:
     San Diego, California

Gummy Bare, May 25, 2015 ▼f8⁺ #17

(You must log in or sign up to reply here.)

EXHIBIT 5
PAGE 49



**SA&M** | STUBBS
ALDERTON &
MARKILES, LLP

July 8, 2015

**<u>VIA OVERNIGHT MAIL; and</u>**
**<u>ELECTRONIC MAIL</u>**

Mr. Anthony Tellez III           Steam Distribution, LLC
3671 Walnut Ave.                 199 S. Los Robles Ave., #600
Chino, California 91710          Pasadena, California 91101
                                 Attn: Richard G. Rasmussen
                                 info@steamdist.com

Re:    *<u>Infringement of THE MILKMAN Trademark</u>*

Dear Mr. Tellez:

As you know from our letter to you of June 24, 2015 (copy attached), we are litigation counsel to AOP Ventures, Inc. ("AOP Ventures").

In our June 24 letter, we demanded that you, One Hit Wonder, and any other person or entity acting under its or your direction or control (collectively "One Hit Wonder") **"immediately change the name** of its MILK MAN e-liquid to another brand name that does not use or incorporate our client's THE MILKMAN Marks, and agree to discontinue all use of the MILK MAN mark **not later than Friday, July 3, 2015**."

To date we have not received any response from you (or any counsel retained on your behalf) to our June 24 letter.

We are concerned by your lack of attention to this matter that you do not understand the gravity of the situation.

Should this matter proceed to litigation, we will establish One Hit Wonder's willful infringement based upon its continued use of our client's mark in its ads, search terms, and metatags. See, e.g., <u>Kassbaum v. Steppenwolf Productions, Inc.</u>, 236 F.3d 487 (9th Cir. 2000); <u>Brookfield Comm., Inc. v. West Coast Entertainment Corp.</u>, 174 F.3d 1036 (9th Cir. 1999); <u>Eli Lilly & Co. v. Natural Answers, Inc.</u>, 86 F.Supp.2d 834, 844 (S.D. Ind. 2000), *aff'd* 233 F.3d 456 (7th Cir. 2000).

EXHIBIT 5
PAGE 50

In addition, One Hit Wonder's continued infringement despite having received our cease-and-desist letter supports a finding of One Hit Wonder's willful infringement, which will result in an award of enhanced damages to AOP Ventures. See, Monster Cable Products, Inc. v. Discovery, 2004 WL 2445348 (N.D.Cal.) (willfulness established based upon defendant's receipt of cease and desist letters); Rolex Watch U.S.A., Inc. v. Zeotec Diamonds, Inc., 2003 WL 23705746 at *4 (C.D. Cal.) ("willfulness can be inferred from ongoing abuse after having been presented with a cease and desist demand").

Accordingly, under the Lanham Act, AOP Ventures would recover (1) One Hit Wonder's profits, (2) up to three times AOP Ventures' damages, and (3) the costs of the action based upon One Hit Wonder's willful trademark infringement and unfair competition. See 15 U.S.C. §§ 1114, 1117, and 1125; see also H-D Michigan Inc. v. Biker's Dream Inc., 1998 WL 697898 (C.D. Cal.) (trebling defendant's profits); Allergan Inc. v. Mira Life Group Inc., 2004 WL 2734822 (C.D. Cal.) (trebling defendant's profits).

Finally, because One Hit Wonder is experienced in the sale of ecigarette liquid and services, its unauthorized use of AOP Ventures' MILKMAN trademark to sell competing goods supports an award of AOP Ventures' reasonable attorney fees. See, e.g., Waits v. Frito-Lay, Inc., 978 F.2d 1093 (9th Cir. 1992) (affirming award of attorney's fees based upon defendant's use of an identical or similar mark on competing goods); Levi Strauss & Co. v. Shilon, 121 F.3d 1309, 1311 (9th Cir. 1997).

Please contact me promptly upon your receipt of this letter so that we may attempt to amicably resolve this matter without the assistance of the courts. If we do not receive a satisfactory response to our demands **before July 17, 2015**, we will initiate civil litigation in federal court in the Central District of Los Angeles against you to protect our client's valuable trademark rights.

Nothing in this letter shall be construed as a waiver or relinquishment of any claim, right, remedy, or defense possessed by AOP Ventures or any other affected party, all of which are expressly reserved.

Sincerely,

Konrad Gatien, of
Stubbs Alderton & Markiles, LLP

KKG:dvom

Enclosure (June 24, 2015 Letter)

EXHIBIT 5
PAGE 51



SA&M | STUBBS
ALDERTON &
MARKILES, LLP

July 24, 2015

**VIA FACSIMILE**

Andrew R. Gale
Law Offices of Gale and Vallance
A Professional Corporation
1820 West Orangewood, Suite 104
Orange, CA 92868
Fax: (714) 766-8456

> **Re:** **_Infringement of THE MILKMAN Trademark_**

Dear Mr. Gale:

This responds to your July 17, 2015, letter in connection with the above-referenced matter.

In your July 17 letter, you informed us that you are counsel to Steam Distribution, LLC. In addition, you confirmed receipt of our June 24 and July 8, 2015, letters demanding that Mr. Tellez, One Hit Wonder, and any other person or entity acting under their direction or control (including Steam Distribution, LLC) immediately change the name of its MILK MAN e-liquid to another brand name that does not use or incorporate our client's THE MILKMAN Marks, and agree to discontinue all use of the MILK MAN mark (Ser. No. 86553215). You also confirmed that you were in the process of investigating the facts alleged in our letters, and informed us that you would respond to our demands after you had concluded your investigation. Finally, you requested that we provide you with details of our investigation of your client's claimed date of first use of January 5, 2015.

Please note that we called you twice this week, on July 21 and 22, in response to the requests in your July 17 letter. To date, we have received no response from you. Therefore, we are providing our response in this letter.

As we set forth in our prior correspondence, we consider your client's continued sale of its infringing MILK MAN e-liquid without abatement after its receipt of our cease-and-desist demands to be evidence of intentional infringement entitling our client to enhanced damages (see 15 U.S.C. §§ 1114, 1117, and 1125; Monster Cable Products, Inc. v. Discovery, 2004 WL 2445348 (N.D. Cal.) H-D Michigan Inc. v. Biker's Dream Inc., 1998 WL 697898 (C.D. Cal.).

EXHIBIT 5
PAGE 52

Based on your client's failure to respond to our repeated cease-and-desist demands, and its lack of confirmation that it will abandon its trademark application for the MILK MAN mark and cease all use of the mark, we are forced to confirm that we will be filing a complaint against your client in the Federal District Court for the Central District of California **no later than August 5, 2015**. That complaint will allege, among other things, causes of action for fraud on the United States Patent and Trademark Office ("USPTO") seeking cancellation of your client's pending trademark application for the MILK MAN mark, and for trademark infringement, unfair competition, fraud and misappropriation under federal and state law.

We will not be providing you with information related to our background use investigation of your client, because that information is subject to the attorney-client and work product privileges. That said, I am sure that if your client is being candid with you, they will confirm that there was no use of the mark in commerce as of the date claimed in their trademark application.

Finally, this confirms that in addition to the federal lawsuit to be filed above, that we will file a separate proceeding before the USPTO to oppose your client's trademark application for the MILK MAN mark.

This is your client's final opportunity to amicably resolve this matter short of litigation.

Therefore, we again ask that your client confirm its agreement to abandon its trademark application for the MILK MAN mark and cease all use of the mark. We request confirmation **not later than July 31, 2015**, so that we may avoid the cost and expense of drafting the complaint against your client. If we do not receive your confirmation **by July 31, 2015**, then any potential settlement between the parties will include, at a minimum, our client's attorneys' fees and costs for drafting and preparing the pleadings for the federal lawsuit.

Nothing in this letter shall be construed as a waiver or relinquishment of any claim, right, remedy, or defense possessed by AOP Ventures or any other affected party, all of which are expressly reserved.

Sincerely,

Konrad Gatien, of
Stubbs Alderton & Markiles, LLP

KKG:dvom
CC: AOP Ventures, Inc.

EXHIBIT 5
PAGE 53

**<u>AOP Ventures, Inc. v. Steam Distribution, LLC, et al.</u>**

**U.S.D.C., Central District of California**

**EXHIBIT 6**

# THIRD AMENDED COMPLAINT

# EXHIBIT 6

# State of California
## Secretary of State

### CERTIFICATE OF REGISTRATION OF SERVICE MARK

*I, ALEX PADILLA*, Secretary of State of the State of California, hereby certify:

| | |
|---|---|
| Registration Number: | 120457 |
| Name of Registrant: | One Hit Wonder, LLC |
| Business Address: | 3671 Walnut Ave, Chino, CA 91710 |
| State of Incorporation/ Organization: | CA |
| Date First Used in California: | 11/14/2014 |
| Date First Used Anywhere: | 11/14/2014 |
| Description of mark: | MILK MAN |
| Description of Goods on which the mark is Used: | Electronic cigarette liquid (e-liquid) comprised of propylene glycol; electronic cigarette liquid (e-liquid) comprised of vegetable glycerin |
| Class Number(s): | 34 |
| Date of Registration: | 10/21/2015 |
| Term of Registration Extends to and Includes: | 10/21/2020 |

In accordance with the application filed in this office, the mark described above has been duly registered. A copy, specimen, facsimile, counterpart or a reproduction of the mark is attached.

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this 23rd day of October 2015



**ALEX PADILLA**
Secretary of State

*NP-25 (REV 01/2015)*

EXHIBIT 6
PAGE 54



# State of California
## Secretary of State

### REGISTRATION OF TRADEMARK OR SERVICE MARK
Pursuant to Business and Professions Code sections 14207 and 14235
**IMPORTANT – Read instructions before completing this form.**

| REGISTRATION APPLICATION FOR (Check One): | ☑ **TRADEMARK** | ☐ **SERVICE MARK** |
|---|---|---|

1 NAME OF OWNER OF MARK (REGISTRANT)
One Hit Wonder, LLC

| 2. BUSINESS ADDRESS OF REGISTRANT | CITY AND STATE | ZIP CODE |
|---|---|---|
| 3671 Walnut Ave. | Chino, CA | 91710 |

3 BUSINESS STRUCTURE OF REGISTRANT (Check One and Complete)

CORPORATION
☐ (State of Incorporation) _____

LIMITED LIABILITY COMPANY
☑ (State of Organization) _____ California

LIMITED PARTNERSHIP
☐ (State of Organization) _____

GENERAL PARTNERSHIP
☐ (State of Organization) _____

☐ SOLE PROPRIETOR

☐ SPOUSES, AS COMMUNITY PROPERTY

☐ DOMESTIC PARTNERS, AS COMMUNITY PROPERTY

OTHER
☐ (Describe) _____

4 NAMES OF GENERAL PARTNERS, IF REGISTRANT IS A PARTNERSHIP

5 NAME AND/OR DESIGN OF MARK. (For design, provide a brief written description that can be pictured in the mind without reference to the specimens. Do not draw the design on the application. Attach a drawing of the mark.)

MILK MAN

6. DISCLAIMER (If Applicable) NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE THE TERM.

| 7a. DATE THE MARK WAS FIRST USED IN CALIFORNIA | 7b. DATE THE MARK WAS FIRST USED ANYWHERE |
|---|---|
| 14 November 2014 | Same |

8a. IF A TRADEMARK, LIST SPECIFIC GOODS. IF A SERVICE MARK, LIST SPECIFIC SERVICE.

Electronic cigarette liquid (e-liquid) comprised of propylene glycol;

electronic cigarette liquid (e-liquid) comprised of vegetable glycerin

THIS SPACE FOR FILING OFFICER USE
**TRADEMARK OR SERVICE MARK**

REG. NO. 12℣℩S℩

CLASS NO.(S)

8b. CLASS NUMBER(S) 034

9. RETURN ACKNOWLEDGMENT TO: (Type or Print)

NAME ⌐ Glen L Nuttail

ADDRESS Klein O'Neill & Singh, LLP

16755 Von Karman Ave, Suite 275

CITY/STATE/ZIP ⌊ Irvine, CA 92606

FILED
Secretary of State
State of California

OCT 2 1 2015

10. INDICATE WHETHER AN APPLICATION TO REGISTER THE MARK, OR PORTIONS, OR A COMPOSITE THEREOF, HAS BEEN FILED BY THE REGISTRANT OR A PREDECESSOR IN INTEREST WITH THE UNITED STATES PATENT AND TRADEMARK OFFICE.

FILING DATE 03/04/2015 _____ SERIAL/FILE NO. 86553215 _____ STATUS OF APPLICATION Published - Notice of Opposition filed

IF REFUSED, WHY? _____

☐ CHECK HERE IF THIS ITEM DOES NOT APPLY

11. MANNER IN WHICH THE MARK IS USED (Check all that apply)

FOR TRADEMARKS ONLY

☐ ON LABELS AND TAGS AFFIXED TO THE GOODS
☑ ON LABELS AND TAGS AFFIXED TO CONTAINERS OF THE GOODS
☐ BY PRINTING IT DIRECTLY ONTO THE GOODS
☐ BY PRINTING IT DIRECTLY ONTO THE CONTAINERS OF THE GOODS
☐ OTHER _____

FOR SERVICE MARKS ONLY

☐ ON BUSINESS SIGNS
☐ ON ADVERTISING BROCHURES
☐ ON ADVERTISING LEAFLETS
☐ ON BUSINESS CARDS
☐ ON LETTERHEADS
☐ ON MENUS
☐ OTHER _____

12. SPECIMENS (Check one box below and enclose three (3) identical original specimens showing current use of the mark.)

FOR TRADEMARKS ONLY

☐ ACTUAL LABELS
☐ ACTUAL TAGS
☑ PHOTOGRAPHS OF GOODS/CONTAINERS SHOWING THE TRADEMARK
☐ FRONT PANELS OF A PAPER CONTAINER BEARING THE TRADEMARK
☐ OTHER _____

FOR SERVICE MARKS ONLY

☐ BUSINESS CARDS
☐ ADVERTISING BROCHURES
☐ ADVERTISING LEAFLETS
☐ MENUS SHOWING THE MARK
☐ OTHER _____

13. DECLARATION OF OWNERSHIP

Applicant declares that the applicant is the owner of the mark, that the mark is in use, and that to the knowledge of the person verifying the application, no other person has registered in this state, or has the right to use the mark, either in the identical form or in such near resemblance as to be likely, when applied to the goods or services of the other person, to cause confusion, to cause mistake, or to deceive.

14. DECLARATION OF ACCURACY

0013045

Applicant declares that all the information contained in this registration is accurate and if the applicant willfully states in the registration any material fact that the applicant knows to be false, the applicant shall be subject to a civil penalty of not more than ten thousand dollars ($10,000.00).

30 September 2015
DATE

SIGNATURE OF AUTHORIZED PERSON

Glen L Nuttall
TYPE OR PRINT NAME AND TITLE

SEC/STATE TM 100 (REV. 04/2015)          (Page 2 of 2)          FILING FEE: $70.00 PER CLASSIFICATION

EXHIBIT 6
PAGE 56

Glen L Nuttall, a member of the California Bar (No. 198230) is the attorney for Applicant One Hit Wonder, LLC, and is authorized to sign the attached California State Trademark Application on Applicant's behalf.

EXHIBIT 6
PAGE 57

00120457

# MILK MAN

EXHIBIT 6
PAGE 58





EXHIBIT 6
PAGE 59



I hereby certify that the foregoing
transcript of _____ page(s)
is a full, true and correct copy of the
original record in the custody of the
California Secretary of State's office.

**MAR 2 3 2016**

Date:_____

ALEX PADILLA, Secretary of State

EXHIBIT 6
PAGE 60