Konrad K. Gatien (Bar No. 221770)
E-Mail: *kgatien@stubbsalderton.com*
Anthony M. Keats (Bar No. 123672)
E-Mail: *akeats@stubbsalderton.com*
Barak J. Kamelgard (Bar No. 298822)
Email: *bkamelgard@stubbsalderton.com*
STUBBS ALDERTON & MARKILES LLP
1453 3rd Street Promenade, Suite 300
Santa Monica, CA 90401
Telephone: (310) 746-9800
Facsimile: (310) 746-9820

Attorneys for Plaintiff
AOP VENTURES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| AOP VENTURES, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>STEAM DISTRIBUTION, LLC, a California limited liability company; ONE HIT WONDER, INC., a California corporation; HAVZ, LLC DBA STEAM WHOLESALE, a California limited liability company; ANTHONY TELLEZ III, an individual; and DOES 1-10,<br><br>Defendants.<br><br>ONE HIT WONDER, INC., a California corporation; and ANTHONY TELLEZ III, an individual,<br><br>Counterclaimants,<br>v.<br><br>AOP VENTURES, INC., a Delaware corporation,<br><br>Counterdefendant. | **CASE NO. 5:15-CV-01586 VAP (KKx)**<br><br>**DECLARATION OF MIKE ZHANG IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |

Case No. 5:15-CV-01586 VAP (KKx)
DECL. OF MIKE ZHANG IN SUPPORT OF PLF'S MOTION FOR SUMMARY JUDGMENT

I, Mike Zhang, hereby declare as follows:

This declaration is made in support of the Joint Stipulation regarding Plaintiff AOP Ventures, Inc.'s ("AOP") Motion for Summary Judgment, or, in the Alternative, Partial Summary Judgment. Other than as indicated below, I have personal knowledge of the facts and events described herein, such facts and events are true, or believed by me to be true, and, if called upon, I would testify competently thereto.

1. I am President and CEO of AOP, and have been involved with AOP for over two years.

2. Sometime in 2014, AOP began working with Barbara Villegas on an existing line of electronic cigarette liquid ("e-liquid") that she owned called The Vaping Rabbit.

3. Around November or December 2014, Ms. Villegas approached AOP about a new e-liquid she was developing called THE MILKMAN.

4. At that time, Ms. Villegas approached AOP concerning the possibility of AOP becoming an exclusive distributor for THE MILKMAN e-liquid.

5. We immediately saw the potential in the new brand because of the good will that Ms. Villegas had built up in The Vaping Rabbit brand, which was going to be connected to THE MILKMAN, and because we heard a lot of positive buzz and initial feedback from people responding to Ms. Villegas' announcements on social media saying that THE MILKMAN was coming out. The vaping community is very active and reputation can be spread quickly online and through word-of-mouth.

6. On January 1, 2015, AOP agreed to and did become the exclusive distributor for THE MILKMAN e-liquid, under our dba The Drip Club, which is our online retail store and customer facing brand name.

7. On January 5, 2015, Ms. Villegas and AOP entered into an Exclusive Distribution Agreement, which is attached hereto as **Exhibit 11**.

8. That same day, AOP placed its first order with Ms. Villegas for THE MILKMAN e-liquid, ordering a total of 20,000 bottles in various nicotine concentrations for ▮▮▮. A true and correct copy of the corresponding purchase order is attached hereto as **Exhibit 12**.

9. This purchase order was very large for a first time order, but we strongly believed the brand would be successful, and we wanted to ensure that THE MILKMAN's product launch was significant.

10. Due to issues with Ms. Villegas's co-packer, we only received ▮▮▮ bottles of THE MILKMAN for ▮▮▮ A true and correct copy of the corresponding revised purchase order is attached hereto as **Exhibit 13**.

11. On January 22, 2015, we placed an order for an additional ▮▮▮ bottles of THE MILKMAN e-liquid from Ms. Villegas for ▮▮▮. A true and correct copy of the corresponding purchase order is attached hereto as **Exhibit 14**.

12. Given the early success of THE MILKMAN brand, on March 26, 2015, AOP acquired all right, title and interest in and to THE MILKMAN mark from Ms. Villegas. A true and correct copy of the Assignment and License Agreement is attached hereto as **Exhibit 15**.

13. Including the initial purchases by AOP from Ms. Villegas, AOP sold over ▮▮▮ bottles of THE MILKMAN e-liquid nationwide between January 2015 and April 2015. A true and correct summary of AOP's United States sales of THE MILKMAN e-liquid (excluding the purchases from Ms. Villegas) is attached hereto as **Exhibit 16**.

14. During the period between January 5, 2015, and May 1, 2015, AOP's sales were growing nationwide. By May 1, 2015, AOP had sold its THE MILKMAN e-liquid into all 50 states.

15. The popularity and success of AOP's THE MILKMAN e-liquid was due in large part to AOP's Internet advertising, which AOP conducted through its active social media outlets, such as Instagram and Facebook, and through email marketing campaigns.

16. As a result, AOP's online viewership and customer base also grew during the period between January 5, 2015, and May 1, 2015, and new visitors to AOP's website grew at a consistent pace in every state. True and correct copies of the Google analytics reports for AOP's website, thedripclub.com, as well as analytics relating to AOP's email marketing campaigns are attached hereto as **Exhibits 17 and 18**.

17. By May 2015, AOP's THE MILKMAN e-liquid acquired a national reputation as a result of these sales and Internet reach.

18. During this time period, AOP decided to protect its brand by filing a federal trademark application for its THE MILKMAN mark with the United States Patent and Trademark Office ("USPTO").

19. In connection with that filing, our counsel conducted a brief trademark clearance search of the USPTO online records to identify potentially conflicting marks.

20. During that search, our counsel discovered that Defendant Tellez had filed a trademark application for the mark MILK MAN for e-liquid on March 4, 2015.

21. We investigated the filing and confirmed that Tellez also had filed a federal trademark application for ONE HIT WONDER E-LIQUID (Ser. No. 86553281) on March 4, 2014.  We further identified the Facebook social media page and website associated with One Hit Wonder (onehitwondereliquid.com).

22. When we investigated the alleged "use" by Tellez, we found no public evidence of any sales of MILK MAN e-liquid.  Moreover, in April 2015, when our agents called One Hit Wonder to purchase MILK MAN e-liquid, they were told the product was not available for sale, and would not be released until May 2015.

23. Based on the foregoing, we believed that the sales claimed in Tellez's federal trademark application for MILK MAN had been fabricated and that the application was fraudulent.

24. On May 4, 2015, AOP filed its trademark applications for THE MILKMAN (Ser. No. 86618735) in standard word format and THE MILKMAN (Ser. No. 86618769) in stylized form.

25. We first learned of the actual MILK MAN e-liquid being sold by One Hit Wonder only after it announced the release on Instagram.

26. Immediately after this announcement, we became aware of instances of actual customer confusion arising from Defendants' release of their MILK MAN e-liquid. This confusion arose when several of Defendants' customers discussing Defendants' MILK MAN e-liquid tagged AOP's social media accounts in their comments. True and correct examples of confusion that I caused to be downloaded are attached hereto as **Exhibit 19**.

27. To avoid any doubt as to our nationwide priority, on June 10, 2016, we acquired by assignment all right, title and interest in and to the mark MILKMAN for e-liquid that were previously held by Deus Juice LLC. A true and correct copy of the Assignment and License Agreement is attached hereto as **Exhibit 20**

28. Deus Juice has sold and continues to sell its MILKMAN e-liquid to customers from several states through its online website and its retail storefront in Michigan. In connection with the assignment, Deus Juice transferred to us their wholesale receipts and website orders for their MILKMAN e-liquid. True and correct copies of these receipts and orders are attached hereto as **Exhibits 21 and 22.**

29. In addition to its rights to THE MILKMAN mark, AOP owns the mark DRIP CLUB (Reg. No. 4618948) for use in connection with, inter alia, e-liquids and online retail store services featuring e-liquids. A true and correct copy of the registration for the DRIP CLUB mark is attached hereto as **Exhibit 23**.

1  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the
2  foregoing is true and correct.

4  Executed this 2nd day of September 2016, at Los Angeles, California.



Mike Zhang

-5-

Case No. 5:15-CV-01586 VAP (KKx)
DECL. OF MIKE ZHANG IN SUPPORT OF PLF'S MOTION FOR SUMMARY JUDGMENT