| | |
|---|---|
| **From:** | Glen Nuttall |
| **To:** | Barak Kamelgard |
| **Cc:** | Konrad Gatien; Darrell Orme Mann |
| **Subject:** | RE: Conversation re STEAM 00001 |
| **Date:** | Thursday, August 25, 2016 1:38:32 PM |

Hi Barak,

Your summary is mostly correct, but there are a few points that need correcting.  The statement "Mr. Tellez told you that he had incorrectly testified in his deposition that STEAM 00001 was created on or about November 21, 2014" is incorrect.  Mr. Tellez did not, in fact, refer to his deposition.  Rather, he simply fleshed out and clarified the facts.

Also, Julie Trinh never asked for "proof" of any sales.  She asked for "receipts".  This is important, as "proof" can be a loaded word that can be misleading, and would inaccurately represent what Julie asked for.

Further, to the extent you refer to specific dates, it would be more accurate to characterize those dates as "on or about" rather than simply "on", as the dates placed on the receipt (STEAM 00001) were best estimates, and not necessarily exact.

One more issue – regarding STEAM 00002.  Per Mr. Tellez, the signature blocks and signatures were created when Mr. Tellez visited Mr. Aliksanian in July 2015.  The remainder of the document was created on Nov. 14, 2014 as stated.

Also, as we discussed in our telephone discussion from a couple days ago, during his deposition Tellez mentioned that he shared MILK MAN with several people – he just couldn't remember all their names during the deposition.  And, in fact, we left a blank for him to fill it in, anticipating that he could remember if he searched his memory.  The Supp Response to Rog 10 is simply Tellez filling in that blank.

As we also discussed, there is an error in the Supplemental Response to Rog. 2, which states "Fernando Solis took the lead in arranging for filing of applications to register the MUFFIN MAN and MILK MAN marks."  While this statement is true, it was MY mistake to put it in these Rog responses.  I learned that fact from Robert Hackett, not Tony Tellez.  Thus, it was a mistake on my part to include that statement in Tellez's response, and in fact it should NOT have been in the supplemental response attributed to Tellez.

I haven't heard from you regarding stipulating to extend the deadline for the MSJ.  Does this mean you have elected not to extend the time?

Best regards,
-Glen

---

**From:** Barak Kamelgard [mailto:bkamelgard@stubbsalderton.com]

**Sent:** Wednesday, August 17, 2016 12:34 PM
**To:** Glen Nuttall <GlenNuttall@koslaw.com>
**Cc:** Konrad Gatien <kgatien@stubbsalderton.com>; Darrell Orme Mann <dorme@stubbsalderton.com>
**Subject:** RE: Conversation re STEAM 00001

Glen,

Just following up on the below because I have not heard from you. If I have not heard from you by end of day tomorrow, I will take that to mean that my below account of our conversation is accurate.

Thank you,
Barak



named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Barak Kamelgard
**Sent:** Wednesday, August 10, 2016 4:21 PM
**To:** 'Glen Nuttall' <GlenNuttall@koslaw.com>
**Cc:** Konrad Gatien <kgatien@stubbsalderton.com>; Darrell Orme Mann <dorme@stubbsalderton.com>
**Subject:** Conversation re STEAM 00001

Glen,

Following up on our meet and confer this morning, in connection with AOP's intended filing of a Motion for Summary Judgment or Adjudication, I wanted to confirm certain details that you told me about the purported November 2014 handwritten invoices. Please confirm that the following account of our conversation is accurate:

> I asked whether Anthony Tellez's response to Request for Admission No. 16 was a mistake

because the response admitted that the purported handwritten invoice dated November 21, 2014 ("STEAM 00001") was in fact created at a later date, even though Mr. Tellez testified during his deposition that STEAM 00001 was created on or about November 21, 2014. You stated that the admission was accurate. You then explained to me that at some point after testifying at his deposition, Mr. Tellez thought about the circumstances surrounding the creation of STEAM 00001. After thinking about it, Mr. Tellez told you that he had incorrectly testified in his deposition that STEAM 00001 was created on or about November 21, 2014. Instead, Mr. Tellez later remembered that, in July 2015, in response to Julie Trinh asking Mr. Tellez for proof of his sales of his e-liquid in 2014, Mr. Tellez went to Nabil Iskander, the purported purchaser listed on STEAM 00001, and created STEAM 00001 at that time in July 2015. Mr. Tellez maintains that he did in fact sell e-liquid to Mr. Iskander on November 21, 2014, on consignment, which was then paid off on December 16, 2014, as reflected in STEAM 00001. Accordingly, when Mr. Tellez went to Mr. Iskander's store in July 2015, Mr. Tellez asked that they memorialize the purported November 21, 2014 sale according to those details. Mr. Tellez then created STEAM 00001 and Mr. Tellez and Mr. Iskander both signed the document in July 2015. At the same time, Mr. Tellez also added the portion of STEAM 00001 that says "Paid on 12-16-14" and signed again. You told me that there is no other written record of the November 21, 2014 sale, so the details for the sale incorporated into STEAM 00001 in July 2015 were from Mr. Tellez's memory. I then clarified that Mr. Tellez's new memory of the creation of STEAM 00001 meant that Mr. Iskander lied under oath by testifying during his deposition that he remembered STEAM 00001 being created in front of him by Mr. Tellez on or about November 21, 2014. You replied that you "do not control" Mr. Iskander, which I acknowledged was correct.

Notwithstanding the foregoing, you told me that Mr. Tellez still maintains that he testified accurately during his deposition that the purported November 14, 2014 handwritten invoice ("STEAM 00002") was created on or about November 14, 2014, the original of which was kept by Berj Aliksanian, the purchaser, at Mr. Aliksanian's store and only retrieved by Mr. Tellez in July 2015, in response to Ms. Trinh asking for proof of his e-liquid sales from November 2014.

If this is accurate, please confirm so. Otherwise, please be specific as to what portions are incorrect, and please correct me.

Thank you,
Barak



| V-card | Bio | Website |

**Barak J. Kamelgard**
Associate
bkamelgard@stubbsalderton.com

Stubbs Alderton & Markiles, LLP
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403

1453 3rd Street Promenade, Suite 300

Bus:    818.444.4545
Fax:    818.444.6345
Mobile: 973.868.1178

The information contained in this e-mail message is intended only for

Santa Monica, CA 90401

the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.