|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES – GENERAL | JS-5 |

| Case No. | EDCV 15-01586-VAP (KKx) | Date | December 27, 2016 |
|---|---|---|---|
| Title | AOP Ventures, Inc. v. Steam Distribution, LLC | | |

Present: The Honorable    VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE

| BEATRICE HERRERA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** MINUTE ORDER RE DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER FILED OCTOBER 11, 2016 (DOC. NO. 129)

On November 9, 2016, Defendants Steam Distribution, LLC, One Hit Wonder, Inc., and Anthony Tellez filed a Motion for Reconsideration of the Court's Summary Judgment Order Filed on October 11, 2016. (Doc. No. 129.) On November 21, 2016, Plaintiff AOP Ventures, Inc., filed its Opposition. (Doc. No. 147-1.) On November 28, 2016, Defendants filed their Reply. (Doc. No. 157.)[1]

## I.  BACKGROUND

The parties are familiar with the facts of this case, so the Court recounts them only to the extent necessary to resolve the Motion.

Plaintiff filed its Complaint in this action on August 5, 2015. (Doc. No. 1). On the morning of October 6, 2016, a few hours before the Court was scheduled to hear Plaintiff's Motion for Summary Judgment, Defendants filed a Notice of Material Change of Facts stating that they had acquired ownership rights of third-party Good Vapes, LLC's MILKMAN mark.

---

[1] Plaintiff's submitted several objections to portions of Defendants' Reply and newly submitted evidence in support of the Reply. (Doc. No. 168.) As the Court has not considered the newly submitted evidence in deciding this Motion, the Court dismisses Plaintiff's objections as moot.

(Doc. No. 99.)  As Good Vapes, LLC, allegedly had been using its MILKMAN mark before Plaintiff's had adopted their THE MILKMAN mark, Defendants asserted that they "now claim[ed] ownership of trademark rights in the mark MILKMAN having a priority date at least as early as May 2014."  Id.  At the hearing, the Court declined to consider the Notice due to its untimeliness.  Hearing Transcript at 4.

On October 11, 2016, the Court granted summary judgment on several of Plaintiff's claims.  (Doc. No. 104.)  Specifically, the Court held that Defendants had infringed Plaintiff's THE MILKMAN trademark, enjoined Defendants from continuing to sell e-liquid under the MILK MAN mark, and awarded Plaintiff damages in the amount of $6,487,861.00 after Defendants failed to produce an authenticated expert report showing which, if any, of its total sales were not attributable to the infringing mark.  (Doc. No. 104.)

On November 1, 2016, this Court granted Plaintiff's Motion to Dismiss its remaining claims.  (Doc. No. 123.)  The next day, this Court entered Judgment by dismissing Plaintiff's complaint without prejudice pursuant to the Court's Order granting Plaintiff's Motion to Dismiss but did not reference the Summary Judgment Order.  (Doc. No. 126.)  The Court amended its Judgment on November 23, 2016, to include a reference to the Summary Judgment Order.  (Doc. No. 154.)

Defendants filed the instant Motion on November 8, 2016.  The Court construes the Motion as one pursuant to Fed. R. Civ. P. 59(e), requesting reconsideration of the October 11, 2016 Summary Judgment Order.

## II.  LEGAL STANDARD

Once judgment has been entered, a district court may reconsider its decision under either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment) of the Federal Rules of Civil Procedure.  See Sch. Dist. No. 1J Multnomah Cnty., Or. v. AcandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  "A 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within [28] days of entry of judgment.  Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order."  Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (citation omitted); Fed. R. Civ. P. 59(e).  The Court treats the instant Motion as one to alter or amend judgment under Rule 59(e), as it was filed within twenty-eight days.

Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Moreover, this district's Local Rules provide:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not

  have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18. "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." Daghlian v. DeVry Univ., Inc., 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

### III. DISCUSSION

  The Motion makes three arguments: (1) newly-discovered evidence shows that Defendants acquired a senior interest to the MILKMAN mark; (2) the Court erroneously failed to consider Defendants' unsworn expert report; and (3) awarding Defendants' total sales as damages was an incorrect measure of damages.

1. <u>Newly-Discovered Evidence</u>

  Defendants propose that their recent acquisition of Good Vapes' MILKMAN mark is new material evidence that establishes they have seniority over Plaintiff's trademark rights. Defendants first began to explore the potential acquisition of Good Vapes' MILKMAN mark in March 2016. Doc. No. 155-2, ¶ 6. By April 2016, Defendants had hired a broker to contact the co-owner of Good Vapes to initiate a possible purchase. Id. at ¶ 7. Negotiations stalled, however, and the sides were not able to make serious headway until early September 2016, when the parties began to negotiate a non-disclosure agreement. Id. at ¶ 16. On September 12, 2016, the parties entered into a nondisclosure agreement and, the next day, Defendants began to receive interstate sales information from Good Vapes. Id. at ¶¶ 17-18. Defendants filed their Opposition to Summary Judgment on September 12, 2016, without mention of their efforts to obtain Good Vapes' mark. (Doc. No. 75.)

  Over the next several weeks, the parties negotiated the assignment of the mark and the purchase was completed by October 5, 2016. Doc. No. 155-2, ¶ 21. October 6, 2016, Defendants submitted their Notice of Material Change of Facts to the Court. (Doc. No. 99.) Later that day, at the hearing on the Motion for Summary Judgment, the Court declined to consider the Notice, noting that it was "far, far from timely." Hearing Transcript at 4. Defendants did not contest that decision at the hearing.

  "A motion for reconsideration may <u>not</u> be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original) (internal citation omitted); see also <u>TYR Sport, Inc. v. Warnaco Swimwear, Inc.</u>, 709 F. Supp. 2d 821, 839 (C.D. Cal. 2010).

  Defendants now argue that they were diligent in their presentation of their acquisition of Good Vapes' mark and that they could not have presented the evidence earlier than they did.

They argue that they "must not be punished for Good Vapes' inaction in response to Defendants' efforts." Reply at 7. They also contend that they were not at liberty to disclose evidence relating to Good Vapes' sales due to the nondisclosure agreement. Motion at 4. The Court is unpersuaded by those arguments.

As a threshold matter, although the nondisclosure agreement prevented Defendants from disclosing confidential information regarding Good Vapes' business (Ex. R13, § 2.2), it did not prevent Defendants from providing the Court with notice in their Opposition to Summary Judgment that they were in the process of acquiring what it believed to be a third party's senior interest. Nor did the nondisclosure agreement prevent Defendants from seeking an extension of the deadline to file their Opposition to Summary Judgment or seeking a continuance of the Summary Judgment hearing date. Such efforts would have been reasonable and would have ensured that information regarding the acquisition was presented to the Court in a timely fashion.

Moreover, Defendants had the chance to explain to the Court that their efforts to present evidence of the acquisition were, in fact, diligent and timely, but they did not do so. In their Notice of Material Change of Facts, Defendants offered no explanation as to why the filing came mere hours before the Summary Judgment Hearing. After the Court declined to consider the Notice, Defendants again did not argue that the Notice was timely or explain that any lack of timeliness was excusable due to diligent efforts. See generally Hearing Transcript. Those arguments are being raised now for the first time through the Motion for Reconsideration, and clearly could have been raised earlier in the litigation. Accordingly, the Court declines to consider Defendants' acquisition of Good Vapes' mark. See, e.g., Fadhliah v. Societe Air France, 987 F. Supp. 2d 1057, 1069 (C.D. Cal. 2013) (denying the plaintiffs' motion for reconsideration and holding that their post-dismissal declarations "now come too late" because the plaintiffs were already "given a chance to respond to [the defendant's] factual assertions" in their opposition and through their supplemental briefing); Spacey v. Burgar, 207 F. Supp. 2d 1037, 1053–54 (C.D. Cal. 2001) ("Defendants counter Spacey's newly proffered basis for jurisdiction should not be considered by this Court, because Spacey made a deliberate choice not to include the argument in his initial opposition to Defendants' Motion to Dismiss. The Court agrees.").

Finally, even if the Court had considered the Notice of Material Change of Facts before issuing the Summary Judgment Order, the Notice was insufficient to create a genuine dispute of material fact as to Plaintiff's priority interest in its THE MILK MAN mark. The Notice included two exhibits featuring printouts "from the www.goodvapes.com website," which were dated from May 2014. Defendants purported that the first exhibit was a blog post that announced "a new flavor named 'Milkman'" and the other was a printout of four customer reviews of the flavor. (Doc. Nos. 99-1; 99-2; 99-3.) Even if the Court had accepted those exhibits as authentic and admissible for the purposes of summary judgment, neither of them detailed specific sales of the product, such that they could be used to establish any type of trademark priority. See Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha, 290 F. Supp. 2d 1083, 1088 (C.D. Cal. 2003) ("The use necessary to acquire protectable rights is more than token or *de minimus* use.") (citing Chance v. Pac–Tel Teletrac Inc., 242 F.3d 1151, 1157 (9th Cir. 2001)).

Accordingly, the Court declines to hold that it erred in refusing to consider the Notice of Material Change of Facts before issuing its Summary Judgment Order.

2. <u>Unsworn Expert Report</u>

Defendants contend that it was a clear error of law and manifestly unfair for the Court to refuse to consider their expert report because it was unsworn and was not attached to an affidavit by the expert stating the factual basis for the opinion. They support their argument by citing to a series of cases for the general premise that parties "waive any objections to the admissibility of the reports by offering them themselves." <u>Capobianco v. City of N.Y.</u>, 422 F.3d 47, 55 (2d Cir. 2005); see also <u>JIPC Management, Inc. v. Incredible Pizza Co.</u>, No. CV 08-4310, 2009 WL 8591607, *27 (C.D. Cal. 2009). That reasoning is misguided. The exception to the requirement that expert reports be authenticated requires the opposing party to introduce the report into evidence <u>and</u> rely on it in support of their own arguments. See <u>Capobianco</u>, 422 F.3d at 55 (holding that the plaintiff was permitted to rely on unsworn doctor's letters because the defendants introduced the letters into evidence and "<u>relied on them in seeking summary judgment</u>"); <u>JIPC Management, Inc.</u>, 2009 WL 8591607 at *27 (noting that the plaintiff was permitted to use the evidence in question because the defendants had cited to the evidence in support of their affirmative counterclaim and their motion for summary judgment). Plaintiff did not rely on Defendants' expert report in its motion for summary judgment, and only cited to the expert report in its Statement of Uncontroverted Facts to establish what "Defendants claim[ed]." (Doc. No. 61, ¶¶ 154, 155, 194, 200.)

Defendants also argue that under the current construction of Rule 56 they were not required to authenticate the expert report for it to be admissible and, even if they were, they should have been provided with an opportunity to show that the report could be authenticated. Defense Counsel, however, <u>was</u> provided an opportunity to show that the expert report could be authenticated, but they failed to do so. Plaintiff raised their objection to the unsworn and incomplete expert report in its Reply. (Doc. No. 91 at 10.) The Reply, which was filed more than two weeks before the hearing on the summary judgment motion, put Defendants on notice of the challenges to the authenticity of their expert report. At the hearing, however, Defendants neither attempted to cure the defect by submitting a sworn report with an attached affidavit.

Nevertheless, the Court is persuaded that the modern construction of Rule 56 does not require the expert report of a non-moving party to be perfectly authenticated at the time a court considers a summary judgment motion, so long as the report <u>can be authenticated</u>. See <u>Foreward Magazine, Inc. v. Overdrive, Inc.</u>, 2011 WL 5169384 (W.D. Mich. 2011) (noting that "the 2010 amendment to Rule 56 works a sea change in summary judgment procedure and introduces flexibility (and consequent uncertainty) in place of the bright-line rules that are obtained previously" and that "the objection contemplated by the amended Rule is not that the material 'has not' been submitted in admissible form, but that it 'cannot' be."); see also <u>Fraser v. Goodale</u>, 342 F.3d 1032, 1036–37 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."); <u>Fed. Deposit Ins. Corp. v. N.H. Ins. Co.</u>, 953 F.2d 478, 485 (9th Cir. 1991) ("[T]he nonmoving

party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment.") (internal quotation marks and citation omitted).

Although Defendants failed to raise this argument earlier, declining to consider it now would allow for a result that is manifestly unjust. See, e.g., TYR Sport, 709 F. Supp. 2d at 839 (C.D. Cal. 2010) (noting that a court "may disregard evidence or arguments on a motion for reconsideration that could reasonably have been presented prior to [the] ruling," but not that it has to disregard such evidence) (emphasis added) (citing Hopkins v. Andaya, 958 F.2d 881, 887 n.5 (9th Cir. 1992)). Defendants have cured the defects with their expert report by resubmitting the report along with a declaration from their expert, Daryl Martin, in which he states, under penalty of perjury, the factual basis for his opinions. (Doc. No. 130-2 at 1-3; Doc. No. 132.) Reviewing Martin's report and his declaration, the Court is in agreement with Defendants that a genuine issue of material fact exists as to the proper amount of damages.

As noted in the Summary Judgment Order, Defendants carry the burden to show "which, if any, of its total sales are not attributable to the infringing activity, and additionally, any permissible deductions for overhead." Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1408 (9th Cir. 1993), abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co., 839 F.3d 1179 (9th Cir. 2016). Plaintiff argued at the hearing on this Motion that, even if the Court considers Martin's report and declaration, those documents do not create a genuine issue of material fact because the documents fail to cite to underlying facts already in the record. The Court is unpersuaded. As noted above, Martin's declaration states, under penalty of perjury, his experience as a financial analyst and the factual basis for the opinions expressed in his report. (Doc. No. 130-2 at 1-3.) Martin's report and declaration explain that several variables likely contributed to the total sales of Defendants' e-liquid other than the MILK MAN mark, including operating expenses, the flavor of Defendants' e-liquid, the pricing model, the marketing strategy, and relationships with distributors and wholesalers. (Doc. Nos. 130-2 at 3; 132 at 13-17.) Indeed, Martin calculates that the profit disgorgement damages due to Defendants' infringement of Plaintiff's THE MILKMAN mark to be only $236,000, which is less than 5% of Defendants' total sales of $6,487,861. Although the report and declaration do not cite to other documents in the record to support Martin's calculations, they are sufficient to raise a triable issue of fact as to the proper amount of damages. See Rebel Oil Co. v. Atl. Richfield Co., 51 F.3d 1421, 1435 (9th Cir. 1995) ("[W]e note that expert opinion is admissible and may defeat summary judgment if it appears that the affiant is competent to give an expert opinion and that the factual basis for the opinion is stated in the affidavit, even though the underlying factual details and reasoning upon which the opinion is based are not.") (emphasis added); see also Bulthuis v. Rexall Corp., 789 F.2d 1315, 1317 (9th Cir. 1985); Metro Lights, LLC v. City of Los Angeles, No. CV04-1037GAFEX, 2006 WL 4941839, at *3 (C.D. Cal. Nov. 3, 2006). Accordingly, the Court GRANTS Defendants' Motion to admit Martin's report and holds that Plaintiff is not entitled to summary judgment on the issue of damages relating to Defendants' infringement of THE MILKMAN mark.

3. Remaining Arguments

Having found that there is a triable issue of fact as to the proper amount of damages, the Court need not reach Defendants remaining argument that the Court miscalculated damages by (1) failing to consider evidence that established a genuine issue of material fact; and (2) failing to hold a separate evidentiary hearing.

Nevertheless, for the sake of clarification, the Court points out that Defendants' contention that they are entitled to a separate evidentiary hearing is misguided.  The Court's damages award was not premised on an accounting of profits and, therefore, does not require a separate hearing.  Rather, the Court's award was pursuant to the proxy theory of lost profits, under which the infringer's gross profits are presumed to be a result of the infringing activity.  See Spin Master, 944 F. Supp. 2d 830, 839 (C.D. Cal. 2012) ("The . . . proxy theory of profits is based on the ideas that the defendant diverted sales that would have gone to the plaintiff but for the infringement.  This theory is designed to 'compensat[e] the plaintiff for sales which he has lost as a result of his customers being diverted to the infringer.'") (citing Maier Brewing Co. v. Fleischmann Distilling Corp., 390 F.2d 117, 121 (9th Cir. 1968)).  Courts in this circuit routinely award damages under the proxy theory of profits without an additional evidentiary hearing.  See, e.g., Partners for Health & Home, L.P. v. Seung Wee Yang, 488 B.R. 109 (C.D. Cal. 2012) (issuing damages award based on gross profits without a separate damages hearing because the defendant "did not sustain his burden of introducing any evidence as to his costs or deductions, [and thus] there is no genuine issue as to Yang′s net profits . . . and no dispute as to the amount asserted by Plaintiff"); Keds Corp. v. Goldstreet Holdings Inc., No. 92 -2950, 1992 WL 456626, at *7 (C.D. Cal. Aug. 14, 1992), aff′d, 19 F.3d 27 (9th Cir. 1994) (issuing damages award based on total profits without a separate damages hearing because "Defendants have failed to meet their burden to produce credible evidence of their costs and therefore have failed to rebut Plaintiff's reasonable estimate of Defendants′ profits.").

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration is GRANTED IN PART and DENIED IN PART.  The Court VACATES its Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment (Doc. No. 129).

Consistent with the prior order, the Court GRANTS summary adjudication as to Plaintiff's claims for trademark infringement false designation of origin, and unfair competition relating to Defendant's use of the MILK MAN mark.  The Court enjoins Defendants, their officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies, and all persons acting for, with, by, through or under them having notice of this Order by personal service, electronic mail, or otherwise, and each of them, from marketing, advertising, distributing, offering to sell, or selling any product, packaging, or any other item that was named or labeled with the marks MILK MAN, MILKMAN, THE MILK MAN, or THE MILKMAN, or otherwise using said marks in commerce.  The Court DENIES summary adjudication as to Plaintiff's claims for intentional interference with a prospective economic advantage relating to Defendant's use of the MILK MAN mark and trademark infringement relating to Defendant's use of the DRIP CLUB mark.  The Court DENIES Plaintiff's request for attorney's fees and treble damages at summary judgment.

      The Court, however, now DENIES summary adjudication as to the issue of damages relating to Defendants' infringement of Plaintiff's THE MILKMAN trademark. Accordingly, the Court sets aside the November 2, 2016 Judgment (Doc. No. 126) and the November 23, 2016 Amended Judgment (Doc. No. 154).

      The Court hereby sets a Scheduling Conference for the Parties for January 23, 2017, at 2:00 p.m.

      **IT IS SO ORDERED.**