Michael L. Cohen (Bar No. 206253)
E-Mail: cohen@mlcplclaw.com
MICHAEL L. COHEN, A PROF'L LAW CORP.
1910 W. Sunset Boulevard, Suite 440
Los Angeles, CA 90026
Telephone: (213) 413-6400
Facsimile: (213) 403-6405

Konrad K. Gatien (Bar No. 221770)
E-Mail: kg@keatsgatien.com
Anthony M. Keats (Bar No. 123672)
E-Mail: tony@keatsgatien.com
KEATS GATIEN, LLP
120 S. El Camino Drive, Suite 207
Beverly Hills, CA 90212
Telephone:  (424) 302-0717

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| AOP VENTURES, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>STEAM DISTRIBUTION, LLC, a California limited liability company; ONE HIT WONDER, INC., a California corporation; HAVZ, LLC DBA STEAM WHOLESALE, a California limited liability company; ANTHONY TELLEZ III, an individual; and DOES 1-10,<br><br>Defendants. | **CASE NO. 5:15-CV-01586 WDK (KKx)**<br><br>**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ARGUMENTS AND EVIDENCE REGARDING ADVICE OF COUNSEL**<br><br>**Final PreTrial Conference:** Nov. 6, 2017<br>**Trial Date:**                     Nov. 7, 2017 |

## I. INTRODUCTION

Throughout more than two years of litigation, Defendants never provided any indication that they intended to assert that advice of counsel insulated them from liability in this action. Now, after trial has already begun, Defendants have for the first time indicated that they intend to mount such a defense. But Defendants' belated disclosure is too little, too late. There is no conceivable justification for Defendants' failure to disclose such a key defense in a timely fashion, and Defendants' delay has prevented Plaintiff from pursuing the discovery to which it is entitled. The Federal Rules of Civil Procedure and Ninth Circuit precedent clearly prohibit such a trial by ambush, and, accordingly, this Court must preclude Defendants from introducing any arguments or evidence regarding the advice of counsel.

## II. ARGUMENT

### A. Defendants Cannot Rely Upon the Advice of Counsel Because They Have Failed to Make Required Disclosures Regarding the Issue

Federal Rule of Civil Procedure 37(c)(1) prohibits a party from using at trial any witness or information that the party failed to disclose as required by Rule 26(a) or (e), unless the failure to disclose was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). Significantly, the burden is on the party whose evidence would be excluded to demonstrate that its failure to disclose was either substantially justified or harmless; if the party fails to make such a showing, the undisclosed evidence must be excluded. *See, e.g.*, *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213-14 (9th Cir. 2008) (finding that district court abused its discretion by failing to exclude expert testimony that was not properly disclosed pursuant to Rule 26). Moreover, exclusion of evidence under Rule 37(c)(1) has been upheld "even when a litigant's entire . . . defense has been precluded."

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001) (affirming exclusion of evidence produced only 28 days before trial).

Here, Defendants cannot justify their complete failure to disclose that they intended to rely upon the advice of counsel in their defense.  Before now, Defendants repeatedly failed to even suggest that they would make such an argument.  Defendants' October 20, 2015 initial disclosures listed a single individual, Defendant Anthony Tellez, III, as the only person "who may have discoverable information that Defendants . . . may use to support their defenses and counterclaims." (Ex. 1 at 2 [Defendants' Initial Disclosures, p. 2 of PDF].)  Nowhere in their initial disclosures did Defendants reference any attorney or the advice of counsel.  Under Federal Rule of Civil Procedure 26(e)(1), Defendants were required to supplement their initial disclosures "in a timely manner" with any new material information, and, in fact, Defendants expressly reserved their right to do so.  (Ex. 1 at 2 [Defendants' Initial Disclosures, p. 2 of PDF].)  However, Defendants never supplemented their disclosures to indicate that any attorney might have relevant information or might testify.

Defendants also repeatedly failed to reference advice of counsel in their other written discovery responses—indeed, they explicitly stated that they had *not* obtained advice of counsel on key issues.  For example, Defendants One Hit Wonder, Inc. and Anthony Tellez, III were both served interrogatories that asked them to "STATE all steps taken by YOU RELATING TO your right to use Defendant's Mark (e.g., legal opinions, trademark searches, etc.)."  (Ex. 2 at 12 (Interrogatory No. 16) [One Hit Wonder's Revised Interrogatory Responses, p 47 of PDF]; Ex. 3 at 12 (Interrogatory No. 17) [Tellez's Revised Interrogatory Responses, p. 61 of PDF].)  In response, both Defendants stated that they "did not obtain any formal, written legal opinion concerning the MILK MAN mark, nor did [they] perform any trademark searches."  (Ex. 2 at 13 (Response to Interrogatory No. 16) [One Hit Wonder's Revised Interrogatory Responses, p 48 of PDF]; Ex. 3 at

12-13 (Response to Interrogatory No. 17) [Tellez's Revised Interrogatory Responses, pp. 61-62 of PDF]). Similarly, in his deposition, Defendant Anthony Tellez, III failed to mention the advice of counsel when he was questioned about how he decided to start using the name "Milk Man." (Ex. 4 at 94:14-25 [Tellez Depo Transcript, p. 66 of PDF].)

Simply put, Plaintiff reasonably believed that Defendants had no intention of relying on the advice of counsel as a part of their defense because Defendants repeatedly represented as much. As a result of Defendants' failure to make required disclosures on this central issue, Plaintiff has not had the opportunity to propound any discovery about the advice of counsel or otherwise prepare to address the issue in any way. Consequently, the failure to disclose this evidence was neither justified nor harmless, and Defendants must be precluded from using any such evidence at trial. Any other outcome would permit precisely the type of "gamesmanship" that the Federal Rules of Civil Procedure are intended to prevent. *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 861-64 (9th Cir. 2014) (affirming district court's exclusion of 38 fact witnesses because they were not disclosed in a timely manner under Rule 26).

### B. Defendants Cannot Use Advice of Counsel as a Sword and a Shield

The Ninth Circuit has stated that "[t]he privilege which protects attorney-client communications may not be used both as a sword and a shield." *Chevron Corp. v. Penzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (citation omitted). In other words, a party cannot assert that it behaved reasonably because it relied on the advice of counsel while simultaneously withholding privileged communications and information related to that advice. *Id.* at 1162-63 (finding that a defendant waived its attorney-client privilege when it asserted advice of counsel as a defense). Accordingly, the Ninth Circuit has held that a defendant was properly precluded from invoking advice of counsel as a defense when the defendant refused to answer questions regarding his

lawyer's advice until the "eleventh hour." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001). *See also Trouble v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 304 (S.D.N.Y. 2001) ("A party who intends to rely at trial on the advice of counsel must make a full disclosure during discovery; failure to do so constitutes a waiver of the advice-of-counsel defense.") (citation and quotation marks omitted).

Here, Defendants are unquestionably disclosing too little, too late. As noted above, Defendants have only now—after trial has already begun—asserted that they intend to rely on advice of counsel as a defense. When Plaintiff propounded interrogatories and deposition questions that directly addressed the issue, Defendants did not disclose that they had obtained a legal opinion on the subject trademark. (Ex. 2 at 13 (Response to Interrogatory No. 16) [One Hit Wonder's Revised Interrogatory Responses, p 48 of PDF]; Ex. 3 at 12-13 (Response to Interrogatory No. 17) [Tellez's Revised Interrogatory Responses, pp. 61-62 of PDF]; Ex. 4 at 94:14-25 [Tellez Depo Transcript, p. 66 of PDF].) Consequently, Plaintiff was not on notice that the advice of Defendants' counsel was an issue that needed to be explored through discovery. Moreover, when Defendants *have* referred to the advice of their counsel in their responses to requests for production of documents, they have withheld all responsive documents under the attorney-client privilege. (*E.g.*, Ex. 5 at 30-31 (Response to Request for Production 58) [One Hit Wonder's Revised RFP responses, pp. 42-43 of PDF]; Ex. 6 at 26 (Response to Request for Production 50) [Tellez's Revised RFP Responses, p. 54 of PDF].)

Defendants' belated decision to invoke the advice of counsel in their defense at trial cannot and does not negate all of their prior decisions to withhold relevant attorney-client communications. Indeed, Defendants' maneuvering around this issue is exactly the type of selective, eleventh-hour waiver of privilege that the Ninth Circuit has rejected. *E.g.*, *Columbia Pictures Television*, 259 F.3d

at 1196. Accordingly, this Court must follow Ninth Circuit precedent and preclude Defendants from offering any evidence regarding the advice of counsel at trial.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an order precluding Defendants from making arguments or introducing evidence at trial regarding the advice of counsel.

Dated:   November 15, 2017         By: s/Konrad K. Gatien
                                       Konrad K. Gatien, Esq.
                                       KEATS GATIEN, LLP
                                       Attorney for Plaintiff

CERTIFICATE OF SERVICE

The undersigned hereby certifies that I am over the age of eighteen (18)

and not a party to the within action. I am employed in the law firm of Cohen McKeon LLP, 1910 West Sunset Boulevard, Suite 440, Los Angeles, California 90026.

On November 15, 2017, I used the Central District of California's Electronic Case Filing System, with the ECF account registered to Michael L. Cohen, to file the following document(s):

**PLAINTIFF's MOTION IN LIMINE TO PRECLUDE ARGUMENTS AND EVIDENCE REGARDING ADVICE OF COUNSEL**

The ECF system is designed to send an e-mail message to all parties in the case, which constitutes service. The Parties served by e-mail in this case are found on the Court's Electronic Mail Notice List.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 15, 2017, at Los Angeles, California.

/S/ ROBIN GRIER
Robin Grier