**FILED**
CLERK, U.S. DISTRICT COURT

11/14/2017

CENTRAL DISTRICT OF CALIFORNIA
BY:_____CW_____DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AOP VENTURES, INC., a Delaware Corporation, | **CASE NO. 5:15-CV-01586 WDK (KKx)** |
| Plaintiffs, | **JURY INSTRUCTIONS (GIVEN)** |
| v. | |
| STEAM DISTRIBUTION, LLC a California limited liability company; ONE HIT WONDER, INC., a California corporation, HAVZ, LLC DBA STEAM WHOLESALE, a California limited liability company; ANTHONY TELLEZ III, an individual; and DOES 1-10, | |
| Defendants. | |

## JURY INSTRUCTION NO. 1

### DUTY OF JURY

It is my duty to instruct you on the law.

These instructions are to help you understand the principles that apply to civil trials and to help you understand the evidence. You will be allowed to keep this set of instructions as you deliberate. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. This set of instructions will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may have said or done that I have an opinion regarding the evidence or what your verdict should be.

## JURY INSTRUCTION NO. 2

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

Because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not use any other information about the case or to the issues it involves during your jury duty.

This rule protects each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court took an oath to tell the truth, and the accuracy of their testimony was tested through the trial process. If you did any research or investigation outside the courtroom, or gained any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror was exposed to any outside information, please notify the court immediately.

## JURY INSTRUCTION NO. 3

### NO TRANSCRIPT AVAILABLE TO JURY

During deliberations you will not have a transcript of the trial testimony. If you need a read back it must be in open court; after we have located the subject of the request.

## JURY INSTRUCTION NO. 4

### TAKING NOTES

If you took notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room.

## JURY INSTRUCTION NO. 5

### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it has become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence was to be treated under the rules of evidence and to avoid confusion and error.

## JURY INSTRUCTION NO. 6

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists the following:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I may instruct or have instructed you to accept as proved.

### JURY INSTRUCTION NO. 7

### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## JURY INSTRUCTION NO. 8

### INFERENCES

You are to consider only the evidence in the case. But you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## JURY INSTRUCTION NO. 9

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You must consider both kinds of evidence.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## JURY INSTRUCTION NO. 10

### FAILURE TO PRODUCE AVAILABLE EVIDENCE

If a party fails to produce evidence under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

## JURY INSTRUCTION NO. 11

### RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## JURY INSTRUCTION NO. 12

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

But if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## JURY INSTRUCTION NO. 13

### DISCREPANCIES IN TESTIMONY

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## JURY INSTRUCTION NO. 14

### IMPEACHMENT—INCONSISTENT STATEMENT OR CONDUCT

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## JURY INSTRUCTION NO. 15

### IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness has given contradicting accounts of the events, lied under oath on a prior occasion, or has otherwise done something that undermines the witness's credibility may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## JURY INSTRUCTION NO. 16

### CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence may be shown to you to help explain the contents of books, records, documents, or other evidence in the case.

Other charts and summaries may be admitted into evidence to illustrate information brought out in the trial.

Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## JURY INSTRUCTION NO. 17

### PRELIMINARY INSTRUCTION—TRADEMARK

The plaintiff, AOP Ventures, Inc. ("plaintiff" or "AOP"), seeks damages against the defendants, Steam Distribution, LLC, One Hit Wonder, Inc., HAVZ, LLC dba Steam Wholesale, and Anthony Tellez III (collectively "defendants"), for trademark infringement and unfair competition. The defendants deny that AOP has suffered any damages. To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

### DEFINITION OF A TRADEMARK

A trademark is a word or name that indicates the source of goods. The owner of a trademark has the right to exclude others from using that trademark or a similar mark that is likely to cause confusion in the marketplace. The main function of a trademark is to identify and distinguish goods or services as the product of a particular manufacturer or merchant and to protect its goodwill.

### FUNCTION OF A TRADEMARK

A trademark is any word or name used by a person or a firm to identify and distinguish that person's or firm's goods from someone else's goods. A trademark also indicates the source of the goods—in other words, who made these particular goods.

A person acquires the right to exclude others from using a trademark by being the first to use it in the marketplace or by using it before the alleged infringer.

"Trademark infringement" is the unauthorized use of a trademark that is likely to confuse consumers as to whose goods they are buying.

### HOW A TRADEMARK IS OBTAINED

A person acquires the right to exclude others from using the same mark or a similar mark that is likely to cause confusion in the marketplace by being the first to use it in the marketplace,

or by using it before the alleged infringer. Rights in a trademark are obtained only through commercial use of the mark.

## JURY INSTRUCTION NO. 18

### TRADEMARK LIABILITY—THEORIES AND POLICIES

The trademark laws balance three often-conflicting goals: 1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; 2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and 3) protecting the public interest in fair competition in the market.

The balance of these policy objectives vary from case to case, because they may often conflict. Accordingly, each case must be decided by examining its specific facts and circumstances, of which you are to judge.

## JURY INSTRUCTION NO. 19

### CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff filed this lawsuit because it believed that it owned the trademark for THE MILKMAN, and that the name of the defendants' MILK MAN e-liquid infringed on AOP's trademark for THE MILKMAN.

The Court also decided that the defendants' use of the name MILK MAN for their e-liquid infringed on plaintiff's trademark for THE MILKMAN because defendants' use of the name MILK MAN was likely to confuse consumers as to which company's e-liquid they were buying—plaintiff's or the defendants'.

Because the Court has determined that the defendants' use of the name MILK MAN infringed on plaintiff's trademark for THE MILKMAN, and because the defendants no longer sell their MILK MAN e-liquid, the only issue for the jury to decide is the damages caused to plaintiff by the defendants' use of the name MILK MAN. ("Damages" is the legal term for the economic harm caused by the Defendants' actions.)

Plaintiff believes that it is entitled to all of defendants' net profits ($4.7 million) on the sales of products marked "MILK MAN." Defendants believe that their success in selling the product flavor marked "MILK MAN" was due to several factors other than the words "MILK MAN" and that if plaintiff is entitled to any of those net profits, it is entitled to only a portion of those net profits.

There is only one question for the jury to decide in this case: Which of the defendants' sales of MILK MAN, if any, are clearly not attributable to their use of the name "MILK MAN"?

## JURY INSTRUCTION NO. 20

### DAMAGES—PROOF

It is the Court's duty to instruct you about the measure of damages.  Damages means the amount of money that will reasonably and fairly compensate the AOP for any injury you find that the Defendants caused.

To make this case less complicated and to make the jury's job easier, the parties have agreed to the following amounts related to the Defendants' sales of MILK MAN.

- The Defendants' gross revenues from selling bottles of MILK MAN were $9,883,420.

- The Defendants' cost-of-goods-sold for those bottles of MILK MAN was $3,831,196.

- The Defendants' gross profits from their sales of MILK MAN were $6,052,232.

- The Defendants' operating expenses reasonably related to their sales of MILK MAN were $1,352,232.

- The Defendants' net profits from their sales of MILK MAN are $4.7 million.

Because AOP and the Defendants have agreed to these figures, AOP has met its burden of proving the amount of Defendants' net profits from the Defendants' sales of MILK MAN. You will not need to decide Defendants' net profits from their sales of MILK MAN.  You must accept them as given.

Defendants now have the burden of proving by a preponderance of the evidence how much of their net profits, if any, are clearly not attributable to Defendants' infringement of AOP's trademark for THE MILKMAN.  "In other words, the Defendants must prove by a preponderance of the evidence how much of the $4.7 million in net profits they made from selling their infringing MILK MAN product was not from using the name "MILK MAN."

### JURY INSTRUCTION NO. 21

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all the evidence, regardless of which party presented it.

## JURY INSTRUCTION NO. 22

## CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

All parties are equal before the law. A corporation or limited liability company are entitled to the same fair and conscientious consideration by you as any other party.

For purposes of this action, the Corporate defendants shall be treated as a single entity.

### JURY INSTRUCTION NO. 23

### JOINT TORTFEASORS

Because trademark infringement and unfair competition are claims known as torts, the doctrine of joint tortfeasors is applicable.

Joint tortfeasors are all persons (including corporations and limited liability companies) who act in concert to commit a tort (such as trademark infringement or unfair competition), pursuant to a common purpose. Each such person is held liable for the resulting injury. All those who, in pursuance of a common plan to commit trademark infringement or unfair competition, actively take part in it, or further it by cooperation or request, or lend aid or encouragement, or ratify and adopt the trademark infringement or unfair competition done, are as equally liable as the person who performs the trademark infringement or unfair competition itself.

While a tacit understanding is sufficient, one who innocently does something which furthers the tortious purpose of another is not acting "in concert" with him. That is, mere knowledge of another person's act does not amount to "concerted action."

To be joint tortfeasors, there must be a finding that the defendants have an apparent or actual partnership, have authority to bind one another in transactions with third parties, or exercise joint ownership or control over the infringing MILK MAN e-liquid.

When joint tortfeasors commit trademark infringement or unfair competition, each is jointly and severally liable for all compensatory damages. In other words, each tortfeasor becomes the agent for every other tortfeasor and is liable even though one or more tortfeasor may not have made any actual monetary profits. Thus, if you find that Defendants are joint tortfeasors, each is liable for all damages you award to plaintiff.

## PLAINTIFF'S JURY INSTRUCTION NO. 24

### AGREED UPON FACTS

To make this case less complicated and to make the jury's job easier, the parties have agreed to the following figures related to the defendants' sales of MILK MAN:

• The defendants' gross revenues from selling bottles of MILK MAN were $9,883,420.

• The defendants' cost-of-goods-sold for those bottles of MILK MAN was $3,831,196. ("Cost-of-goods-sold" includes the cost of the glycerin, the cost of the flavoring, the cost of the bottles and packaging, the cost of the nicotine, and other variable costs relating to Defendants' sales of MILK MAN.)

• The defendants' gross profits from their sales of MILK MAN were $6,052,232.

• The defendants' operating expenses reasonably related to their sales of MILK MAN were $1,352,232. (These operating expenses include, among other things, shipping expenses, advertising and trade show expenses, payroll expenses, and other fixed costs relating to Defendants' sales of "MILK MAN.")

• The defendants' net profits from their sales of MILK MAN are $4.7 million.

## JURY INSTRUCTION NO. 25

### EXPERT OPINION

Expert opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## JURY INSTRUCTION NO. 26

### DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## JURY INSTRUCTION NO. 27

### CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If

any juror is exposed to any outside information, please notify the court immediately.

## JURY INSTRUCTION NO. 28

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Remember, it will take time for you to deliberate reach a verdict.

## JURY INSTRUCTION NO. 29

### RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.